VIRGINIA J. SIMS *et al.*, plaintiffs in error, *vs.* CHARLES L. SIMS, executor, *et al.*, defendants in error.

A bill in equity must show that the defendant, against whom substantial relief is prayed, is a resident of the county in which it is filed, otherwise the Court has no jurisdiction.

Equity.   Jurisdiction.   Venue.   Before Judge BUCHANAN. Troup Superior Court.   May Term, 1873.

For the facts of this case, see the decision.

B. H. BIGHAM, for plaintiffs in error.

T. H. WHITAKER; FERRELL, LONGLEY & DOZIER, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants, in the county of Troup, praying for relief and an injunction.   It is alleged in complainants' bill that Roberts, against whom the relief is prayed, is of Cobb county, but does not allege that he resides in that county.   There is no allegation that Sims, the other defendant, resides in the county of Troup, in which the suit was commenced, or that he is of

that county. The only mention made in the complainants' bill, as to his residence, is in the prayer for subpœna, in which the complainants pray that said Charles T. Sims, as executor of Wiley H. Sims, "of said county," be required to appear, etc.; but whether that refers to Troup county or to Cobb county, it is not apparent, as both counties are mentioned in the preceding part of the bill. There was a general demurrer to the bill for want of jurisdiction of the Court in Troup county, which demurrer was sustained, and the complainants excepted. Assuming that the allegations in the complainants' bill are sufficient as to the residence of Charles T. Sims, the executor, in Troup county, so as to give to the Superior Court of that county jurisdiction as to him, still, there is no allegation in the bill as to the acts and conduct of Wiley H. Sims, his testator, which would authorize the Court to decree any substantial relief against Charles T. Sims, his executor. The case made by the bill is against Roberts, and the substantial relief prayed on the allegations contained therein, is against him who resides in Cobb county, and there was no error in sustaining the demurrer to the jurisdiction of the Superior Court of Troup county as to him, in view of the allegations contained in the complainants' bill.

Let the judgment of the Court below be affirmed.