HOOD *vs.* PERRY *et al.*

1. A sale made by a married woman to her husband, without being allowed by an order of the superior court of the county of her domicile, is not only voidable but void.

2. The title of a wife not being affected by a sale to her husband, which was not allowed by the superior court, such a sale did not affect the rights of creditors of the wife, and land which would have been subject to an execution before such a conveyance, remained so afterwards.

(*a.*) Creditors are a favored class, and every remedy and facility should be given to detect, defeat and annul any effort to defraud them of their just rights. The constitution declares that the legislature shall provide by law for reaching property of the debtor concealed from the creditor, and this fortifies existing legislation upon that subject.

October 13, 1885.

Husband and Wife. Debtor and Creditor. Constitutional Law. Before Judge BROWN. Milton Superior Court. February Term, 1885.

A *fi. fa.* against a married woman was levied on her interest, as dowress, in certain realty, and her husband interposed a claim. His claim was based on a sale from his wife to him and a deed thereunder, dated in 1881, the judgment having been obtained in 1883. No order of the superior court allowing the sale was taken. The court charged, in effect, that, in the absence of such an order, the title of the husband would not be good. The jury found the property subject. The claimant moved for a new trial, which was refused, and he excepted.

THOMAS L. LEWIS; J. P. BROOK, for plaintiff in error.

J. A. DODGEN; E. FAW; W. J. WINN, for defendant.

HALL, Justice.

Two questions are submitted for our determination :
(1.) Whether a sale made by a married woman to her husband, without being allowed by the order of the supe-

rior court of the county of her domicile, is valid, or whether such sale is void or only voidable.

(2.) Whether a judgment creditor of the wife can subject property thus sold to her husband to the payment of such judgment debt, or whether the wife alone can set aside the sale.

1. In *Cain vs. Ligon, administrator, et al.*, 71 *Ga.*, 692, we held that a gift by the wife to the husband was not *per se* void, where the gift was made without the order of the superior court, but was voidable only at the option of the donor, or, in case of her death, of her administrator or heirs. We drew the distinction between a sale and a gift, and said that if the terms had been synonymous, then the gift would fall, equally with a sale, within the restrictions imposed by the 1785th section of the Code, which declares that "no contract of sale of a wife, as to her separate estate, with her husband or trustee, shall be valid, unless the same is allowed by order of the superior court of the county of her domicile." We further held that a gift, in certain respects, was the very opposite of a sale, and therefore did not fall within the restriction which this section imposes upon a married woman as to the persons to whom she might sell her property. This was not mere argument or illustration, not *obiter dictum*, as was assumed by counsel, but was essential to the decision of the question made. In that case, we said that this restriction applied to sales only, and that we could not add gifts to it without transcending the power of the court to interpret, and assuming the legislative function of amending a plainly written law, and that we could not go beyond the clear import of the words of the section It is readily conceded, by the rules of equity, as they existed and were administered prior to the Code, that dealings between trustee and *cestui que trust*, and between persons so closely allied as husband and wife, were watched with jealousy and closely scrutinized, and might be set aside at the option of the seller, but since that time the rule as to sales is

different; they were thereby pronounced not valid, which, according to lexicographers, signifies in law that a contract, agreement, etc., has " no force, effect or efficacy;" that it is " void," " null." Webster's Dict., verb. " invalid." This compound word has precisely the same meaning as the two words " not valid," " in," as a prefix of " valid," being used in a privative or negative sense.

2. The wife's title to the property was, therefore, in nowise affected by this sale and conveyance, and if it was subject to this execution before the sale was made, it still remains subject, notwithstanding that transaction. The rights of the creditors were not at all altered thereby. If this had been a voidable sale, there might have been more foundation for the objection that the seller alone, or those standing in her shoes, such as heirs or administrators, could be heard to complain; but even then, if the purpose of the alleged sale was to delay or hinder creditors, as there is too much reason to believe was the case here, as shown both by this record and that which was before this court at the September term, 1884, when the judgment upon which these executions issued was reviewed and affirmed,* the transaction would have been void. Creditors are a favored class under our law. The second section and sixth paragraph of the bill of rights (Code, §5023) confers upon the legislature power to provide for the punishment of fraud, and declares, in unmistakable and unequivocal terms, that it shall provide by law for reaching property of the debtor concealed from the creditor. This fortifies existing legislation upon the subject, which directs the courts to favor the rights of creditors, and to afford them every remedy and facility to detect, defeat and annul any effort to defraud them of their just rights. Code, §1945.

Judgment affirmed.

---

*73 *Ga.*, 319.