FULGHAM *et al.*, executors, *vs.* PATE, administrator.

1. Prior to the judiciary act of 1799, a court of equity had·original and exclusive jurisdiction to establish lost deeds and other writings. By that act, a like power was conferred on courts of law, but this did not divest equity of a concurrent jurisdiction in such matters.

(*a.*) Where there are several persons residing in different counties

interested in the subject-matter of the bill, a court of equity, having all the parties before it, and having acquired jurisdiction for the purpose of establishing a lost deed, will decree full and perfect relief to all the parties touching the subject-matter involved.

2. A sale made by a married woman to her husband, without being allowed by the order of the superior court of the wife's domicile, is void. Such a deed could have no effect except to be a cloud upon the title to the property, and a court of equity may cause it to be delivered up and cancelled. A bill for that purpose was not without equity.

3. Equity cases are to be tried in the county where the defendant against whom substantial relief is prayed resides, and a bill filed there was not demurrable on the ground that land lying in another county was involved in the litigation.

November 9, 1886.

Equity. Lost Papers. Jurisdiction. Venue. Before Judge CARSWELL. Washington Superior Court. March Term, 1886.

Reported in the decision.

J. T. JORDAN; J. K. HINES, for plaintiffs in error.

EVANS & EVANS, for defendant.

BLANDFORD, Justice.

The defendant in error exhibited his bill on the equity side of the superior court of Washington county against W. H. Fulgham and Jacob Fulgham, as the executors of Matthew Fulgham, deceased, and others, as the heirs at law and legatees under the will of said deceased. The bill alleged that Matthew Fulgham was the executor of one Pilcher, deceased, the father of Sarah Pate, and that in settling with said Sarah, he executed to her a deed to a tract of land comprising three hundred acres in the county of Glascock, as her share or interest in her deceased father's estate; that afterwards said Matthew intermarried with said Sarah; that during said coverture he procured her to convey said land to him, which she did upon consideration

that said Matthew would, by deed or will, convey to her, the said Sarah, property of the value of twenty-five hundred dollars;* that said Matthew died, and by his will left said Sarah only a life estate in certain property; and that she took and received no legacy under the said will of said Matthew. The said Sarah then intermarried with J. R. Pate, and then she died, leaving no children or heirs at law except said Pate. Pate took out letters of administration on the estate of said Sarah. The bill alleges that the deed made by said Sarah to said Matthew is void, because the same was not allowed by order of the superior court of the wife's domicile. The bill alleged that the deed from Matthew Fulgham to said Sarah was lost, and prayed that a copy of the same be established in lieu of the lost original; it further prayed that the deed made by said Sarah to said Matthew during their coverture be cancelled as a cloud upon the complainant's title, and that an account be taken for mesne profits, and that the land be decreed to be the property of the estate of said Sarah. To this bill the defendants demurred, upon the grounds that there was no equity in the bill; that there was a full, complete and adequate remedy in a court of law; and that there was no jurisdiction in the superior court of Washington county, because the suit was respecting titles to land, which land was in Glascock county, the superior court of which county could alone hear and determine said case. The court overruled the demurrer, and to this decision defendant excepted, and now here assigns said exception for error.

1. A court of equity had original jurisdiction to establish lost deeds and other writings until the judiciary act of 1799 conferred a like power on a court of law, but this did not divest a court of equity of this power, but the power is concurrent with a court of law. *Ross & Co. vs. Matthew Wright,* 12 *Ga.* 507, in which the court held that, " Upon the loss or destruction of a promissory note, the holder is

---

*The deed from Mrs. Fulgham to her husband was dated June 11, 1881.

entitled to come into a court of equity and pray satisfaction and payment, provided he tenders in his bill suitable and adequate security." There are several persons residing in different counties interested in the subject-matter of the bill, and equity, having all the parties before the court, having acquired jurisdiction for the purpose of establishing the lost deed made by Matthew Fulgham to Sarah Pilcher, will decree full and perfect relief to all the parties in this case. And for these reasons, we are of the opinion that there is equity in the bill.

2. This bill is filed *quia timet*, for the purpose of causing to be delivered and cancelled the deed which Sarah Pate, then Sarah Fulgham, executed to her then husband on the ground that the deed was void, it not having been made by the order of the superior court of the wife's domicile. Code, §3232.

This court held, under section 1785 of the code, in the case of *Hood vs. Perry et al.*, at October term, 1885 (75 *Ga.* 310), that a sale made by a married woman to her husband, without being allowed by the order of the superior court of the wife's domicile, is not only voidable but void. This principle being adhered to, then the deed made by Mrs. Sarah Fulgham to her husband, Matthew Fulgham, can have no effect in the hands of his representative, heirs at law or legatees but to be a cloud upon the title of complainant, and under section 3232, a court of equity may cause the same to be delivered up and cancelled. So we think that this is also a good ground of equity; and we have thus arrived at the conclusion that there is equity in complainant's bill. This being so, he does not have adequate relief at law; and this disposes of the first and second grounds of the demurrer.

3. The last ground is that the superior court of Washington county did not have jurisdiction to try this case, but the superior court of the county of Glascock, it being the county wherein the land lies. Article 6, section 16, par. 3 of the constitution of this State answers this ground of the

demurrer, wherein it is provided that "equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Code, §5169; 50 *Ga.* 572.; 57 *Id.* 76. We are of the opinion that there is equity in the bill, and that the superior court of Washington county has jurdisdiction of this case, as there are several defendants residing in said county against whom substantial relief is prayed.

Judgment affirmed.