## BUCHANNON *v.* JAMES.

A wife upon a valuable consideration conveyed land to her husband without the approval of the superior court of the county of her domicile; the husband conveyed with notice to his creditor to secure a debt, conferring on the creditor a power of sale. A sale was had under the power, and the wife voluntarily yielded possession to the purchaser. *Held,* that the wife is not entitled to recover from her husband's creditor the proceeds of such sale.

NOVEMBER 19, 1910.

Equitable petition. Before Judge Worrill. Early superior court. October 6, 1909.

*W. A. Jordan, M. C. Edwards,* and *Wooten & Hofmayer,* for plaintiff. *R. H. Sheffield, Pope & Bennet,* and *Park & Collins,* for defendant.

EVANS, P. J.   The case as made by the original petition was, that the plaintiff, a married woman, had sold her land to her husband; that the sale was void, because not having the approval of the superior court of her domicile; and that the subsequent transfer of the land by her husband to his creditor to secure the husband's debt, taken with notice that the sale from her to her husband was without the approval of the superior court, was also void; and the prayer was, to cancel the deed from the husband to the creditor, and to enjoin the execution of a power of sale thereunder. At a succeeding term of the court the plaintiff amended her petition, alleging, that upon the interlocutory hearing the court refused to restrain the sale of the land under the power, and did not give the plaintiff the opportunity to give bond or make other provision to suspend the sale until she could have excepted to the interlocutory order by writ of error to the Supreme Court, and until a final verdict and decree could be had in the trial court; that upon the revocation of the temporary restraining order and the refusal of an ad-interim injunction, the creditor proceeded with the execution of the power of sale, and sold the land for its fair value; that the plaintiff surrendered possession of the land to the purchaser; that the fund derived from the purchase of the land thus sold equitably belongs to her, and that the creditor should account to her for the same (less an amount which she admitted she was due her husband and which the creditor was entitled to retain). She prayed that her husband's creditor be declared a trustee for her as to the proceeds

of such sale, and that she have judgment for the same. The prayer in the original petition for the cancellation of the deed from the plaintiff to her husband, and the deed from him to his creditor, was stricken by the amendment. After allowing the amendment, the court dismissed the petition on general demurrer, and the plaintiff excepted.

The original petition stated a cause of action. The code declares: "No contract of sale of a wife as to her separate estate with her husband or her trustee shall be valid, unless the same is allowed by order of the superior court of the county of her domicile." Civil Code, § 2490. A deed made to effectuate a sale by a married woman to her husband without being allowed by an order of the superior court of her domicile, and the husband's subsequent conveyance to his creditor with notice, are such clouds upon the title of the wife's property as to enable her to obtain their cancellation in a court of equity. *Fulghum* v. *Pate, 77 Ga.* 455. By the amendment a material change is made. The wife no longer seeks cancellation of her deed to her husband and that of the latter to his creditor. By claiming the proceeds of the sale, her attitude in this respect is in effect a confirmation of the purchaser's title. If the wife can not estop herself by ratifying the sale of her land to her husband made without the court's sanction, then she can not recover the proceeds of the sale, otherwise illegal except from its ratification by her. If her ability to ratify is denied, then her remedy is to recover the land. On the other hand, if the wife may ratify, she must ratify the whole transaction, which involves the legality of all the deeds and powers thereby given, antecedent to the sale. That is to say: the sale being made by virtue of the legal title conveyed to her husband, her ratification of the sale is a confirmation of the legality of that title. This is not a case of following trust funds, but the attempted assertion of a statutory privilege to disaffirm a deed made in opposition to the statute. We think that the petition was properly dismissed.   *Judgment affirmed. All the Justices concur.*