## GIBBS *et al. v.* LAND.

1. Where land belonging to the estate of a decedent is set apart as a year's support to the widow and minor children, under the statute as set forth in the Civil Code (1910), § 4041 (Civil Code (1895), § 3465), it is for the support of the family, and the widow can not divert its use by selling it for the purpose of paying a debt owed by the decedent before his death.
2. After land is so set apart, if the widow sells and conveys it, and the purchaser knows that it has been so set apart, and of the intention of the widow to divert it by making a sale in order to apply the purchase-price to the payment of a debt of the decedent, and participates in the diversion by paying the purchase-price to the creditor, the purchaser will acquire no title; and a suit afterwards brought by the widow for her own use and that of the children, jointly and severally, against him for recovery of the land and mesne profits, may be maintained, and the widow will not be estopped by her deed.

(*a*) In such a suit it is not incumbent upon the plaintiffs to tender to the purchaser the amount of money paid by him on the debt of the decedent.

MAY 10, 1911.

Complaint for land. Before Judge Whipple. Wilcox superior court. March 24, 1910.

Rebecca Gibbs instituted suit against Henry Land in behalf of herself and of Emma Gibbs (by marriage Emma Young), G. R. Gibbs, Anna Gibbs, L. D. Gibbs, W. T. Gibbs, and S. Y. Gibbs, for recovery of a certain tract of land and mesne profits. It was alleged, that Rebecca Gibbs was the widow and the other plaintiffs were minor children of J. P. Gibbs at the time of his death in 1902; that afterward the land in dispute was set apart to all of the plaintiffs as a year's support; that Rebecca Gibbs had never had any interest in the land other than that acquired by the judgment so setting it apart; that the defendant never had any interest other than as acquired by purchase from the widow after the year's support had been set apart; that the sale of the land was made, not for the purpose of supplying a year's support to the widow and minor children, but for the purpose of paying a named physician a bill due to him by the deceased, and such purpose was then and there known by Henry Land, and the widow did not know that she had no right to sell the property for this purpose; and that the purchaser, knowing that the purchase-price, $300, was to be applied to the payment of the physician's bill, purchased the land from the widow and paid the money directly to the physician (none of it having at any time been in the hands of the widow),

and received a deed from her. The value of the land for rent was alleged to be $300 per annum, amounting to more than enough to cover the amount of the purchase-money. The prayer was that the widow be allowed to recover for herself and the other named beneficiaries of the year's support, jointly and severally, the land in dispute, with mesne profits, etc. The defendant demurred on several grounds, which, in substance, complained that no cause of action was set forth, the petition showing on its face that the plaintiffs had no right of recovery, and particularly: (*a*) that the petition did not designate the plaintiff sufficiently, that it did not indicate whether the widow was suing individually, or as holding the legal title and suing for the use of the other plaintiffs; (*b*) that, construed as an individual suit of the widow, it appeared from the allegations that she was estopped from setting up title to the land, by reason of her conveyance; (*c*) that if for any reason the conveyance from the widow to the defendant was invalid, it would be incumbent on the plaintiff, as a condition precedent to a recovery, to tender back to the defendant the purchase-money admitted to have been paid, and the allegations of the petition failed to set forth a sufficient excuse for not so tendering. The judge sustained the demurrer, and the plaintiffs excepted.

*Hal Lawson,* for plaintiffs. *Haygood & Cutts,* for defendant.

ATKINSON, J. 1. The ruling announced in the first headnote results from the statute, Civil Code (1910), § 4041 (Civil Code (1895), § 3465), which authorizes the setting apart of property of a decedent for the support of the family. The declared object of the statute in authorizing the property to be set apart is "to make provision for the support of the family." The right of a family for such purpose to property so set apart is made to rank with necessary expenses of administration, and is "preferred before all other debts." This statute, having for its special object provision for the temporary support of the family, was never intended to be so applied as to enable one creditor to gain a preference over another, or to allow the family to have property set apart to them otherwise than for such support. If the widow were allowed to have property so set apart, and then divert it to some other use than for the support of the family, the benign object of the statute would be defeated. It has been held in many decisions of this court that the widow may sell and convey the land set apart for a year's

support, where the proceeds of the sale are to be applied to the support and maintenance of the family. *Ragan* v. *Shiver,* 130 *Ga.* 474 (61 S. E. 1), and citations. But in no case has it been so held where the object of the sale was for any other purpose. To justify the ruling that the purposes for which a widow may sell property set apart to the family as a year's support are restricted to those of maintenance and support of the family, it is unnecessary to look beyond the statute; but in *Vandigrift* v. *Potts,* 72 *Ga.* 665, it was said: "While a widow may sell land set apart as a year's support, on behalf of herself and children, when necessary in order to support them; yet where she remarried, sold the land, and bought other land, taking title in herself and her second husband, the sale is not good." And it was held in the case of *Hill* v. *Van Duzer,* 111 *Ga.* 867 (36 S. E. 966): "Neither a widow nor her agent, whatever his authority, can lawfully apply the proceeds of a year's support set apart for the benefit of herself and minor children to the payment of a pre-existing debt due by her individually, in the consideration of which the minors had no interest." These decisions are in recognition of the rule announced.

2. Under the allegations of the petition the purchaser well knew the character of the estate and the purpose of the sale, and participated in the diversion of the property by paying the agreed purchase-price over to the creditor of the decedent. He was charged with knowledge of the law, which forbade the diversion, and, under the circumstances alleged, acquired no title. No consideration was paid to the widow and children. As to them the conveyance was without consideration. The widow and children received no benefit, nor did they mislead the purchaser to his injury. Under no view would they be estopped by the conveyance of the widow, but she in her own behalf and that of the children could maintain a suit for recovery of the land and mesne profits. No part of the money which was paid to the creditor of the decedent went into the hands of the widow or children, and they would not be required to reimburse the purchaser for the money which he had unwisely paid to the creditor of the decedent. The demurrer was insufficient to require a dismissal of the action upon any ground taken.

*Judgment reversed. All the Justices concur.*