*F. C. Foster,* for plaintiff in error.  *S. H. Sibley,* contra.

---

## WALKER *v.* STEFFES *et al.*

FISH, C. J. 1. Where in an action involving the title to land both parties claimed under common grantors, it was unnecessary to prove title in such common grantors. Any inaccuracy in the charge in referring to this subject was doubtless rendered harmless by charging that it was unnecessary to go back of such grantors.

2. Title by prescription is the right which a possessor acquires to property by reason of the continuance of his possession for a period of time fixed by law. Civil Code, § 4163.

(*a*) A definition of a prescriptive title as being a title that ripens where the property has been held "for a number of years under color of title" was not strictly accurate.

3. Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. Civil Code, § 4164.

4. The judge nowhere in his charge distinctly gave to the jury the rule

above stated as to the character of possession necessary to be the foundation of a prescription. In different portions of his charge, he sometimes referred to one necessary characteristic of such possession, and sometimes to another, but at no time did he clearly inform them that all of such characteristics were necessary, and they may have been led to believe that a union of all was not necessary.

(a) A statement that the defendants contended that they had held posses-sion for a certain length of time, and with certain characteristics, was not equivalent to an instruction that this was necessary to complete a prescriptive title.

(b) At one place in the charge it was stated that prescription might ripen under a deed, whether it was good or not, and that "if the person takes it in good faith, believing that it is a good title, and holds the property peaceably, claiming that they own it, and so hold it for seven years under this title, then they get a good title that would prevail against this title." This was not an accurate statement.

5. Where a plaintiff claimed title to land, and the defendants relied on a prescriptive title, there was no error, as against the plaintiff, in charg-ing to the effect that if one under whom the defendants claim acquired a prescriptive title to the land, and it passed from such holder to the defendants by a chain of conveyances, after the prescriptive title had ripened, "it would not be necessary that the possession be held con-tinuously, provided that there were such acts of possession upon the part of the persons holding that chain of title that would show that they intended to hold the property; that would be a good title, re-gardless of whether there was a break." *Mitchell* v. *Crummey*, 134 *Ga.* 383 (4), 386 (67 S. E. 1042).

6. Actual possession of land is evidenced by enclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another. Civil Code, § 4165.

7. Where prescriptive title is asserted, and evidence is introduced tending to show cultivation of a turpentine farm and the cutting of timber covering the land continuously for the statutory period, whether or not the cultivation of such turpentine farm upon the land is such an occupancy as may be the basis of prescriptive title to the land so used, if continued for the statutory period, is generally a question of fact, depending upon the character of the possession, the extent of the visible signs of occupancy, and its continuance; and if the evidence so author-izes, a charge to that effect is not erroneous.

8. If possession of land of a character sufficient to meet the requirements of the law in order to furnish a basis for prescription is shown in the manner indicated in the preceding headnote, it must be continuous for the statutory period.

9. The rule requiring continuity of possession is one of substance and not of absolute mathematical continuity, provided there is no break so as to make a severance of two possessions. There may be slight intervals in which the prescriber or his agent or tenant is not actually upon the land, as in cases of changing tenants, or where the nature or character of the business does not require his presence every day, or there may be short intervals of temporary absence of such person. But it is

necessary that, during the whole time required for the ripening of prescription, there should be something to give notice that another is doing such acts or holding out such signs as to indicate the existence of a possession adverse to the true owner. Interrupted and discontinuous periods of possession can not be tacked so as to ripen into a good title by prescription. *Clark* v. *White*, 120 *Ga.* 957, 959 (48 S. E. 357).

(a) An inchoate prescriptive title may be transferred by a possessor to a successor, so that the successive possessions may be tacked to make out prescription. Civil Code, § 4178.

(b) A charge that "the occasional entering upon land and cutting and working of turpentine, working of timber, or boxing it and chipping it, may or not constitute that kind of possession,. according to the nature of the things done there, in the opinion of the jury," was not an accurate expression of the law, as it was calculated to lead the jury to believe that occasional and disconnected acts of working the turpentine might be sufficient, rather than to leave them to determine whether the possession was continuous within the meaning of the law, taking into consideration the nature of the business, its requirements, the extent of visible signs of occupancy, and the acts done in connection with such business.

(c) Some of the excerpts from the charge on this subject, as they appear in the record, seem to be badly reported and inaccurate in form. But on another trial this can be obviated.

10. An administrator can not sell property held adversely to the estate by a third person. He must first recover possession. Civil Code, § 4033. The evidence authorized the charge to this effect.

*Judgment reversed. All the Justices concur.*
FEBRUARY 27, 1913.

Equitable petition. Before Judge Parker. Ware superior court. August 5, 1911.

*John S. Walker* and *Wilson, Bennett & Lambdin,* for plaintiff.
*Parks & Reed,* for defendant.