## ECHOLS *v.* GREEN, guardian.

ATKINSON, J. 1. A court of equity will cause to be delivered up and canceled a forged deed which casts a cloud on the title of the true owner. *Smith* v. *Burrus*, 139 *Ga.* 10 (76 S. E. 362).

2. The provision of the Civil Code, § 3009, which declares, "No contract of sale of a wife as to her separate estate with her husband or her trustee shall be valid, unless the same is allowed by order of the superior court of the county of her domicile," makes no exception, and applies to sales by the wife of her separate estate to her husband while they are living in a state of separation, as well as while they are living together.

3. Under this law, a sale by a married woman to her husband without being allowed by an order of the superior court of the county of her domicile is not only voidable but void. *Hood* v. *Perry*, 75 *Ga.* 310; *Fulgham* v. *Pate*, 77 *Ga.* 454; *Stonecipher* v. *Kear*, 131 *Ga.* 688 (63 S. E. 215, 127 Am. St. R. 248); *Buchanan* v. *James*, 135 *Ga.* 392 (69 S. E. 543).

(*a*) These decisions have long stood, and a request to overrule them is denied.

(*b*) Under the doctrine of the cases cited above, a deed by a wife to her husband, executed in pursuance of a sale of her separate estate without an order of the court, can not be confirmed by a court of equity as against the wife, at the instance of her husband, long after the making of the deed, and can amount to no more than a cloud upon her title, and may be canceled as such in equity when it operates to the injury of the wife.

(*c*) The wife continuing in possession of the land will not be chargeable with laches in moving to cancel the deed, though as many as ten years may have elapsed since its execution by her. *Smith* v. *Burrus*, supra.

(*d*) A deed of the character above mentioned being void, the wife will not be estopped, as against the husband, from setting up that it is void, on account of the circumstances that the deed, which conveys the property

to her husband, reserving a life-estate to herself, was executed while the husband and wife were living in a state of separation, and that she received a consideration.

4. A petition in an action in a court of equity to cancel a deed as a cloud upon title, which alleges that the deed is void for separate reasons, namely, (a) that it is a forgery, and (b) that it represents a contract of sale by a wife of her separate estate to her husband without having been allowed by an order of the superior court, will not be dismissed on the ground of multifariousness because of the inconsistency in the grounds relied on for declaring the deed void. See Civil Code, §§ 5514, 5521, 5469 (2); *Nail* v. *Mobley*, 9 *Ga.* 278; *Armstrong* v. *Penn*, 105 *Ga.* 229 (31 S. E. 158); *Cutter v.* Iowa Water Co., 96 Fed. 777.

5. He who would have equity must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit: Civil Code, § 4521; Bispham's Equity, § 43, p. 66. Accordingly, a petition to a court of equity to cancel a deed as a cloud upon the title of the grantor, on the basis that it was void as representing a sale by a wife of her separate estate to her husband for a valuable consideration, without an order of the superior court of her domicile, when there was no offer to return the consideration recited and acknowledged in the deed to have been received, is demurrable. *Campbell* v. *Murray*, 62 *Ga.* 86; *Beach* v. *Lattner*, 101 *Ga.* 357 (28 S. E. 110); *Booth* v. *Atlanta Clearing House Asso.*, 132 *Ga.* 100 (63 S. E. 907). The ruling here made does not conflict with the decisions in the cases of *Shuford* v. *Alexander*, 74 *Ga.* 293; *Gibbs* v. *Land*, 136 *Ga.* 261 (71 S. E. 136), and *Milner* v. *Vandivere*, 86 *Ga.* 546 (12 S, E. 879), where the petitions were seeking a merely legal right and in no sense an equitable relief. The judge committed error in refusing to dismiss that part of the petition which was attacked by the ground of demurrer dealt with in this note.

6. The plaintiff's petition for cancellation of a deed was based on two grounds: first, that it was a forgery; and second, that it was made by a wife (the plaintiff's ward) to her husband without an order of court. The defendant demurred to the petition, and in the preceding headnote it has been held that the last ground asserted as a basis for cancellation should have been stricken. The defendant also alleged that he had paid to his wife a consideration, including the surrender of certain claims against her predecessor in title, which had since become barred; and he prayed that he have a money judgment for the amount thereof against the wife, in the event that a cancellation should be obtained. *Held*, that the defendant having succeeded in striking from the plaintiff's petition that part of it which sought cancellation of the deed on the ground that she made it without an order of the court, leaving the petition solely upon the theory that the plaintiff made no deed to the husband, it furnishes no ground for reversal on behalf of the defendant that the court struck from his answer that part of it which sought to recover a judgment against the plaintiff in case there should be a decree of cancellation.

7. Other grounds of demurrer, both to the petition and answer, were without merit.

*Judgment reversed in part and affirmed in part.   All the Justices concur.*

OCTOBER 4, 1913.

Equitable petition.   Before Judge Meadow.   Oglethorpe superior court.   April 9, 1912.

*Sibley & McWhorter,* for plaintiff in error.

*Green, Tilson & McKinney* and *Paul Brown,* contra.