TURNER, administratrix, *v.* NEISLER.

LUMPKIN, J.   1. If a deed is not probated or attested so as to authorize its record, though it may be physically recorded, a certified copy thereof is not admissible in evidence.

(a) Where it was agreed between counsel for the plaintiff and the defendant that the records in the office of the clerk of the superior court might be used in any instance in which a certified copy would be admissible, this did not permit the introduction in evidence, over objection, of a deed book containing a copy of a deed which was not attested or probated so as to authorize its record.

2. An instrument was recorded on the record of deeds in the office of the clerk of the superior court, which stated that the signer of the instru-

ment had sold certain described land to another (naming him) and had not been paid in full therefor, that he then gave notice that he was entitled to a "bonder's [vendor's?] lien" on the same, that he had been paid the sum of $125 by a named person, and that he relinquished all the equitable interest he had in said land; and it recited that he bound himself, his heirs, and administrators not to interfere with the legal title already obtained by the person last named. *Held*, that the record of such an instrument was not admissible in evidence as color of title. On its face the maker declared that he had only a "bonder's [vendor's?] lien," and that the transferee already had the legal title.

(*a*) A lien is not a title. A transfer thereof, though called a relinquishment of any equitable interest in the land, does not purport to convey the land itself or any title or specific interest therein; and such a transfer does not amount to a color of title, so as to furnish a basis for prescription.

3. On an issue involving the existence of a prescriptive title, where it appeared that a person other than the one in whom it was claimed that such title existed held possession for a time of a part of the land, a written acknowledgment made by the person so holding, to the other party thereto, reciting that he was then cultivating a small portion of the land, and agreeing to surrender it to such other party, under whose alleged title the defendant in the action claimed, was not subject to the objection of irrelevancy.

(*a*) While such a paper given by a person in possession of a portion of the land to another, who claimed it as a whole, would not amount to color of title on behalf of the latter, it would tend to show that the person so in possession did not hold adversely to such claimant, and thus to explain his possession. The court in effect so charged the jury.

4. A railroad company, which the defendant contended was the owner of the fee-simple title in the land, and under which he mediately claimed as a lessee, executed to another railroad company a lease which described the leased property as follows: "All the railroad of the lessor, leading and running from Macon, in the State of Georgia, to Columbus, Fort Gaines, Albany, Blakely, and Perry, in the State of Georgia, and to Columbia and Eufaula, in the State of Alabama, and all of its branches as the same are now constructed, and with the extensions to other points which may hereafter be constructed, including the right of way, road-beds, depots, stations, warehouses, cisterns, engines, cars, fixtures, machinery, and all property whatever, real or personal, connected with and appertaining to said lessor or owned by said lessor." *Held*, that, as to the land involved in the controversy, which was not shown to have been included in any of the specific terms of the lease, it would be necessary, in order to render the lease admissible in evidence, to show that such land was "connected with and appertaining to" or "owned by" the lessor.

(*a*) The evidence tended to show that the first-mentioned railroad company had held color of title to the land for many years prior to the lease to the second company, such color being a recorded deed; and that a portion of the land was occupied for a time by a person who, after the lease, acknowledged that he held as a tenant of the lessor. A witness

also testified that about twenty-six years before the trial, and prior to the date of the lease, there was a "railroad wood-rack" on the land, and that he saw a named person cutting and hauling wood off of the land to the wood-rack, and the railroad company used the wood; but the witness did not know by whose authority the cutting was done. *Held*, that this was sufficient to bring the land in controversy within the general descriptive terms of the lease, as being land "connected with and appertaining to" or "owned by" the lessor, so as to render the lease admissible in evidence. *Harriss* v. *Howard*, 126 *Ga.* 325 (3), 330 (55 S. E. 59).

5. As against the objection urged to its admission on the ground that its execution was not proved, there was no error in admitting in evidence a lease from the Central of Georgia Railway Company to the defendant for a term of ten years. Whether or not there was any other ground of objection which might have been urged is immaterial. We deal with the ground actually urged.

6. A writing which upon its face professes to pass title to realty, but which does not do so, either from want of title in the person making it, or from a defect in the conveyance, but which defines the property purported to be conveyed, is sufficient to constitute color of title. *Street* v. *Collier*, 118 *Ga.* 470 (45 S. E. 294).

7. In order that prescription may ripen, there must not only be color of title, but possession under it. An inchoate prescriptive title may be transferred by a possessor under color of title to a successor, so that the successive possessions may be tacked to make out prescription. Civil Code (1910), § 4178. But mere color of title held by one who never takes possession, but (without referring in his deed to the former conveyance) subsequently conveys to another, who takes possession under such conveyance, creates no color of title in favor of the latter, additional to that arising from the conveyance to him.

(*a*) Whether the first deed would be admissible in evidence for other reasons than to show color of title is not held.

(*b*) One can not, by making a grant, create color of title in favor of himself, though he may do so in favor of his grantee.

8. The plaintiff's case rested on a grant from the State, a deed from the grantee to another, who was never shown to have exercised any acts of ownership over the land, and who moved to another State about twenty-five years before the trial, and died about eleven years before the suit was begun, leaving children, the youngest of whom was about thirty three years of age when the suit was brought. Letters of administration on his estate were granted to one of his children, who thereupon brought the suit. The defendant showed color of title by recorded deed into the Southwestern Railroad Company, a lease by that company to the Central of Georgia Railway Company, a sublease by the latter company to the defendant in the present action to recover the land, and possession for about nine years by such sublessee before the commencement of the action. Substantially there was no conflict in the evidence as to such facts. *Held*, that the possession of the sublessee inured to the benefit of the Southwestern Railroad Company under its color of title, and showed a complete prescriptive title in

that company and a holding mediately under it by the defendant. And regardless of certain errors and inaccuracies in the rulings and charges, the verdict in favor of the defendant was demanded by the evidence, and should stand.    *Judgment affirmed. All the Justices concur.*
NOVEMBER 14, 1913.

Complaint for land. Before Judge Gilbert. Taylor superior court. December 30, 1912.

*C. W. Foy* and *Perry, Foy & Monk,* for plaintiff.
*Battle & Hollis,* for defendant.

