## SIKES *v.* DeLOACH.

1. The brief of evidence is not illegal.
2. If a wife having a secret equity in land allowed the legal title to remain in her husband for many years, and permitted him to hold out and deal with the land as his own, and credit was extended to him on the faith of his ownership, and the creditor obtained judgment and caused execution to be levied on the land, to which the wife interposed a claim, it was error at the trial to instruct the jury that they would have to find that the claimant did or said something to lead the plaintiff to the conclusion that it was her husband's property, before it would be subject to his debt.
3. An instruction tending to exclude from the jury's consideration certain documentary evidence material to the issues on trial was erroneous.
4. The question to the plaintiff as a witness, whether in taking the notes he relied on the land in dispute, was not leading.

No. 6404. SEPTEMBER 15, 1928.

Claim. Before Judge Camp. Evans superior court. November 26, 1927.

*H. H. Durrence, C. M. Girardeau,* and *C. L. Cowart,* for plaintiff. *A. S. Way* and *P. M. Anderson,* for defendant.

BECK, P. J. 1. Upon examination of the record, it does not appear that there was such a disregard of the rule requiring oral and documentary evidence to be briefed in the motion for new trial as would justify a refusal upon the part of this court to consider the evidence.

2. This case arose out of the levy of an execution in favor of E. H. Sikes against L. V. DeLoach, upon a tract of land to which land Mrs. Ella DeLoach, the wife of the defendant in execution, filed her claim. The judgment upon which the execution issued was rendered on August 18, 1924. The defendant in execution had, on March 21, 1924, conveyed the land in dispute by deed to his wife. The judgment was founded upon a debt created before the date of the execution of this conveyance to the wife of the debtor. The claim of the wife was based upon the fact that her

funds had paid for the land, but that the legal title to the same had been taken in the name of her husband, and remained there for many years before the deed was executed to her. Under all the evidence in the case it was a question to be decided by the jury as to whether or not the credit was extended to the husband upon the faith of this property and the belief that he was the owner of the same, and without knowledge of the secret equity of the wife, and whether she had permitted the title to the property to remain in the husband and allowed him to use it in his business and obtain credit on the faith of it. Such being one of the main issues in the case, it was error for the court in his charge to instruct the jury in the following language: "The mere fact that the plaintiff extended credit to the husband because he thought the property belonged to him would not of itself be sufficient to authorize you to find the property subject, but in addition to the extension of credit on the faith and belief that the property belonged to the husband you would have to find that the claimant did or said something to lead the plaintiff to the conclusion that it was her husband's property, before it would be subject to the husband's debt." In instructing the jury that they "would have to find that the claimant did or said something to lead the plaintiff to the conclusion that it was her husband's property, before it would be subject to the husband's debt," the court placed a greater burden upon the plaintiff than was imposed upon him by the law, in view of the issues in the case. For, if the legal title to the land remained in the husband for a number of years and the husband was permitted by the wife to hold the property out as his own and to deal with it as his own, and the creditor extended credit upon the faith of this property, it would not be essential for the enforcement by the creditor of his judgment that the wife should have done or said anything to lead the plaintiff to the conclusion that the property was that of the husband. *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (79 S. E. 576); *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867).

3. Error is assigned also upon the following charge of the court: "Now, gentlemen of the jury, you take the law as given you in charge by the court and the evidence from the sworn facts in the case, and, from the law so given and the facts thus ascertained, you, as earnest and conscientious and impartial jurors, de-

termine what the truth of this case is and let your verdict speak it accordingly." This charge was error, inasmuch as there were certain documents introduced in the case which furnished material evidence upon the controlling issues, and the charge as given tended to exclude this documentary evidence from the consideration of the jury. *Myers* v. *State,* 97 *Ga.* 76 (25 S. E. 252) ; *Bowden* v. *Achor,* 95 *Ga.* 243 (22 S. E. 254).

4. The plaintiff, on direct examination by his own counsel, had propounded to him the following question: Q. "In taking the notes, did you rely on that?" (the property in dispute). To which the witness answered, "Yes." The court ruled that the question was leading. This question in no way suggests to the witness the answer that should be given, and is not a leading question.

There is no error in the other rulings of the court not specially referred to, and they do not involve any question of law that it is necessary to elaborate.

*Judgment reversed. All the Justices concur.*