## Hendrix *et al.* v. Bank of Portal *et al.*

Atkinson, J.   1. A contract by a wife to sell her separate estate to her husband is void unless it is allowed by order of the superior court in the county of her domicile. Civil Code (1910), § 3009; *Echols* v. *Green*,

140 *Ga.* 678 (79 S. E. 557); *Frank* v. *McEachin*, 148 *Ga.* 858 (98 S. E. 497).

2. A wife may give her separate estate to her husband, without an order from the superior court, but a gift will not be presumed. The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt. Civil Code (1910), § 3010; *Frank* v. *McEachin*, supra.

3. The consideration of a deed may always be inquired into when the principles of justice require it. Whether a deed from a wife to her husband, purporting to convey her separate estate, is a voluntary conveyance depends upon the intention of the parties, which is to be ascertained by an inquiry into all the facts and circumstances at the time of its execution, which will throw light upon the question as to whether the deed was executed as the consummation of a sale or as the evidence of a gift. *Shackelford* v. *Orris*, 135 *Ga.* 29 (68 S. E. 838); *Rich* v. *Rich*, 147 *Ga.* 488 (94 S. E. 566).

(*a*) The evidence as to the relation of the husband and wife between the parties in this case, and the circumstances attending the execution of the deed as testified to by the husband, were sufficient to authorize the jury to find, although the deed purported to be for a valuable consideration, that it was in fact a voluntary deed without consideration, and intended as a gift.

(*b*) It was not error to admit the deed in question in connection with the other evidence, over the objection "that the deed recites a valuable consideration, and it has been shown by undisputed evidence that there has been no order of the superior court of the domicile of the wife, . . . authorizing the sale," or over the objection "that it has not been shown that this deed was made pursuant to a gift from the wife to her husband."

4. A reversal is not required because the judge, after charging the jury "that a conveyance by a wife to her husband for a valuable consideration, without an order of the superior court of the domicile of the wife, is void and of no effect," added: "That will be true if nothing else appeared in the case."

5. "He who would have equity must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit. Civil Code, § 4521; Bispham's Equity, § 43, p. 66. Accordingly, a petition to a court of equity to cancel a deed . . on the basis that it was void as representing a sale by a wife of her separate estate to her husband for a valuable consideration, without an order of the superior court of her domicile, when there was no offer to return the consideration recited and acknowledged in the deed to have been received, is demurrable. *Campbell* v. *Murray*, 62 *Ga.* 86; *Beach* v. *Lattner*, 101 *Ga.* 357 (28 S. E. 110); *Booth* v. *Atlanta Clearing House Asso.*, 132 *Ga.* 100 (63 S. E. 907). The ruling here made does not conflict with the decisions in the cases of *Shuford* v. *Alexander*, 74 *Ga.* 293, *Gibbs* v. *Land*, 136 *Ga.* 261 (71 S. E. 136), and *Milner* v. *Vandivere*, 86 *Ga.* 546 (12 S. E. 879), where the petitions were seeking a merely legal right and in no sense an equitable relief." *Echols* v. *Green*, 140 *Ga.* 678

(5) (79 S. E. 557). Under the pleadings and the evidence in this case, the judge did not err upon any reason assigned in instructing the jury: "I charge you, however, when one brings a suit in equity, as is done in this case, to set aside a deed on the ground that it represents a sale by the wife of her separate estate to her husband without an order of the superior court of her domicile, the duty rests on the maker of such deed first to return the consideration recited and acknowledged in the deed to have been received. If the wife during her lifetime seeks to cancel the deed, she must first return the consideration; and if her heirs after her death seek a cancellation of her deed on this ground, the same rule would apply, and they would have to return the consideration before they would be entitled to have the deed canceled. So if you find that not to have been done, it would be your duty to find in favor of the defendants."

6. The judge charged: "You take the testimony as it comes from the witness-stand and try to ascertain what the truth of the case is, and whatever you find the truth to be express it in your verdict." Error is assigned upon this instruction, on the ground that it restricted the jury to consideration of the "testimony" of the witnesses, and deprived them of the right to consider the "documentary evidence" on which plaintiffs were relying. *Held*, that this portion of the charge was inapt (*Sikes* v. *DeLoach*, 166 *Ga*. 887 (3), 144 S. E. 655); but when considered in connection with the charge in its entirety, it was not cause for reversal.

7. The evidence was sufficient to support the verdict for the defendants, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

HINES, J., concurs in the result.

No. 6938.   OCTOBER 5, 1929.

*Alfred Herrington Jr.,* and *Francis B. Hunter,* for plaintiffs in error.

*Hinton Booth, Deal & Renfroe, Dasher & Carlisle,* and *Brock, Sparks & Russell,* contra.