## WILLIAMS *v.* MARTIN.

No. 11393. June 13, 1936. Rehearing denied July 3, 1936.

*R. H. Burroughs* and *H. H. Elders,* for plaintiff in error.

*P. M. Anderson,* contra.

GILBERT, Justice.   Walter Martin, plaintiff in fi. fa., caused an execution to be levied on described land as the property of Della Barrow Williams, the wife of W. O. Williams.   Williams filed a statutory claim, the basis of which, according to his affidavit, was that the wife of defendant in fi. fa., now deceased, conveyed during her lifetime the land to the claimant (a) for a consideration of $600 in cash and other amounts paid out for the benefit of the wife, and for labor performed for her; and (b) that the land was conveyed as a gift to the claimant.   On the trial the court instructed the jury that they should not consider the claim as based upon the deed of purchase and sale, there being no order of court authorizing such sale.   The sole question submitted to the jury was whether there had been a gift to the husband for the purpose of hindering and delaying creditors.   The jury returned a verdict for the plaintiff.   The claimant moved for a new trial on the general grounds and on special grounds complaining that the court withdrew from the jury the question of title in the claimant, based upon purchase and sale for a valuable consideration. The court overruled the motion, and the claimant excepted.

■   It appearing without contradiction that no order of court was obtained allowing the wife to sell her property to the husband, the court did not err in withdrawing from the consideration of the jury the question of title in the claimant based upon the deed of bargain and sale from the wife.   Code, § 53-504; *Hood* v. *Perry, 75 Ga.* 310 (2).

■   Where the transaction is between a husband and wife, an order of the superior court is essential to convey title of the wife to the husband.   This being such a case, the contention of the plaintiff in error and the authorities cited, as to a claimant being entitled to supplement the evidence as to the deed being a gift by other evidence showing a valuable consideration, are not applicable.

■   There was evidence to support the finding of the jury, based upon the contention of the plaintiff in fi. fa. that the deed of gift was void because made for the purpose of hindering and delaying creditors.         *Judgment affirmed.   All the Justices concur.*

ON MOTION FOR REHEARING.

Movant in his original brief cited *Thompson* v. *Cody,* 100 *Ga.* 771 (28 S. E. 669), and again in his motion insists upon it as controlling in this case. That case is not applicable, because it did not involve the sale of property by a wife to her husband. It was thoroughly examined when the judgment was rendered, and note 2 of the decision was intended to show its inapplicability. If the facts in that case had shown a sale by the wife to her husband, the decision would have been controlled by *Hood* v. *Perry,* 75 *Ga.* 310 (2), cited in note 1.

*Rehearing denied. All the Justices concur.*