FARLOW *v.* BROWN.

No. 17629. SUBMITTED OCTOBER 9, 1951—DECIDED JANUARY 14, 1952— REHEARING DENIED JANUARY 29, 1952.

*A. C. Felton III,* for plaintiff.
*Dan S. Beeland* and *John A. Smith,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ There being no complaint in the motion for new trial or bill of exceptions that the trial court erred in directing a

verdict because under the pleadings and evidence there were issues of fact that should have been submitted to the jury, the case stands upon the same principle as if the jury had returned a verdict upon the evidence. Code, § 110-104; *Webb* v. *Hicks*, 117 *Ga.* 335 (5) (43 S. E. 738); *Dickenson* v. *Stults*, 120 *Ga.* 632 (1) (48 S. E. 173); *Hightower* v. *Hightower*, 159 *Ga.* 769 (9) (127 S. E. 103); *Gilliard* v. *Johnston & Miller*, 161 *Ga.* 17 (1) (129 S. E. 434); *Tyson* v. *Anderson*, 164 *Ga.* 673, 677 (4) (139 S. E. 410); *Shippen Hardwood Lumber Co.* v. *Johnson*, 168 *Ga.* 112 (1) (147 S. E. 115); *Braswell* v. *Federal Land Bank*, 169 *Ga.* 235 (2) (149 S. E. 785); *Ford* v. *Ford*, 203 *Ga.* 681 (47 S. E. 2d, 865); *Conley* v. *Brophy*, 207 *Ga.* 30 (1) (60 S. E. 2d, 122).

■ While prior to the passage of the act of 1950 (Ga. L. 1950, p. 174), repealing Code § 53-504, a sale by a married woman to her husband without being allowed by an order of the superior court of the county of her domicile was not only voidable, but void (*Hood* v. *Perry*, 75 *Ga.* 310 (1); *Fulgham* v. *Pate*, 77 *Ga.* 454 (2); *Stonecipher* v. *Kear*, 131 *Ga.* 688 (2), 63 S. E. 215; *Buchannon* v. *James*, 135 *Ga.* 392, 69 S. E. 543; *Echols* v. *Green*, 140 *Ga.* 678 (3), 79 S. E. 557), yet, a prescription may arise under such deed in favor of the husband, if the parties are not living together. *Goss* v. *Brannon*, 167 *Ga.* 498 (1) (146 S. E. 187); *Stallings* v. *Britt*, 204 *Ga.* 250, 255 (3) (49 S. E. 2d, 517).

■ "In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury." *Ingram* v. *State*, 204 *Ga.* 164, 184 (48 S. E. 2d, 891).

The present deed from the petitioner to O. O. Brown (her husband) was executed on May 2, 1938. The petitioner left him in the house in October, 1938. He continued in possession until November, 1943, after which his tenant stayed in possession until May 31, 1946. Thus, during a period of more than seven years after the petitioner abandoned the property, O. O. Brown and his tenant were in possession. O. O. Brown having died in October, 1944, his possession, and that of his tenant, inured to the benefit of the legal representatives of O. O. Brown,

and if none, to his heirs. Compare Code, § 85-407; *Knorr* v. *Raymond*, 73 *Ga.* 749 (3); *Walker* v. *Steffes*, 139 *Ga.* 520 (9) (77 S. E. 580); *Turner* v. *Neisler*, 141 *Ga.* 27 (8) (80 S. E. 461). The petitioner, having received her final decree of divorce in December, 1938, was not an heir at law of O. O. Brown, and she does not claim to be his legal representative. The children of O. O. Brown are not parties to this case, and for that reason are not affected by any ruling here made.

Accordingly, the evidence was sufficient to authorize a finding that, as against the petitioner, the legal representatives of O. O. Brown, and if none, his heirs, had acquired a prescriptive title by seven years' adverse possession under the deed from the petitioner to O. O. Brown or, in other words, that the outstanding paramount title was in a person other than the petitioner. It follows that the trial judge did not err in overruling the petitioner's motion for new trial based solely on the usual general grounds.

In this view it becomes unnecessary to pass upon the question of whether or not a wife's deed reciting a consideration to her husband must refer to or have attached an order of the superior court of the county of her domicile, in order to be a valid deed.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., and Hawkins, J., concur specially.*

DUCKWORTH, Chief Justice, and HAWKINS, Justice, concurring specially. We specially concur in the judgment of affirmance for the reason that the evidence fails to show any restoration or offer to restore by the plaintiff of the consideration received by her for the conveyance which she seeks to set aside. Code, § 37-104; *Hendrix* v. *Bank of Portal*, 169 *Ga.* 264 (5) (149 S. E. 879).