36612. BIBB CIGAR & CANDY COMPANY, INC. *v.* McSWAIN.

DECIDED APRIL 16, 1957—REHEARING DENIED MAY 2, 1957.

*Martin, Snow & Grant,* for plaintiff in error.

*Miller, Miller & Miller, Wallace Miller, Jr.,* contra.

NICHOLS, J. 1. Special grounds 5, 6, and 7 of the amended motion for new trial, which assign error on certain excerpts from the charge, have been carefully examined by this court and no reversible error is disclosed.

2. Special ground 4 is but an amplification of the usual general grounds and will not be considered separately.

As stated by counsel for the defendant, "The controlling question in this case is, 'Did the Bibb truck hit the McSwain car?' "

If this question is answered in the affirmative, then the verdict of the jury was sufficiently supported by the evidence, and there is no contention that such verdict was not otherwise supported by the evidence.

An examination of the evidence, viewed in the light most favorable to the verdict, as must be done in considering the usual general grounds of a motion for new trial, discloses that the jury was authorized to have found the following from the evidence presented:

The McSwain automobile was traveling westwardly on U.S. Highway 80 and was being followed by the Bibb Cigar & Candy Company, Inc., truck, that there was approximately one car length between the vehicles as they traveled along at approximately 35 to 45 miles per hour, that another vehicle, a 1949 Chevrolet, being driven by Albert Hill, who was not a party to this case, was behind the Bibb truck and attempted to pass both the Bibb truck and the McSwain automobile, that the McSwain automobile had moved over to the extreme right-hand side of the roadway in order that the Bibb truck, which had been following the McSwain automobile very closely, might pass her, that the Bibb truck, while the automobile being driven by Albert Hill was in the left lane opposite it, moved towards the left lane in an effort to pass the McSwain automobile and ran the Hill automobile partially into the grass strip on the left side of the roadway, that, after the Hill automobile had gotten at least partially off the left side of the paved roadway, the Hill automobile collided with the left side of the Bibb truck as it attempted to get back on the paved roadway, that the Bibb truck's front bumper struck the left rear of the McSwain automobile, and that the Bibb truck and the Hill automobile turned to the right and left the highway while the McSwain automobile continued to travel in a westwardly direction toward Macon, until it turned completely around in the road and came to a stop on the left-hand side of the paved roadway. Under this theory of the evidence, which the jury was authorized to accept, the Bibb truck would have struck the McSwain automobile, while the Hill automobile would have passed between them a second or two later without touching the McSwain automobile.

In a case like the one here under consideration, where the evidence is in sharp conflict and much of it was subject to being impeached if the jury so believed, the evidence must be construed in that light which will uphold the verdict of the jury, for, " 'In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury.' *Ingram* v. *State*, 204 *Ga.* 164, 184 (48 S. E. 2d 891)." *Farlow* v. *Brown*, 208 *Ga.* 646, 648 (68 S. E. 2d 903).

Therefore, in the present case, where the theory above shown was possible, whether it was the most probable theory or not, and was supported by the evidence, although in sharp conflict, it is this court's duty to affirm the judgment of the trial court denying the motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*