### 38456. KERR v. CALLAWAY.

FRANKUM, Judge. 1. To the plaintiff's petition the defendant filed special demurrers in the instant case. While the trial court overruled the demurrers, and the defendant excepted to such ruling, the defendant, by his counsel, entered into a stipulation agreeing that no further amendment would be necessary by either party in order to enable either party to assert any specific monetary claim which would effect a final accounting between the parties. Therefore, any ruling by the court which would necessitate the filing of additional pleadings by the plaintiff to meet such rulings presents a moot question in view of the stipulation. The defendant has, in substance, agreed that the pleadings are sufficient to proceed to trial, and this amounts to a waiver of his right to insist on the demurrers.

2. Where an appeal is only on the overruling of the general grounds of a motion for a new trial, this court will not pass on the weight of the evidence, but on the sufficiency. There is a duty to uphold the verdict if it can be supported by any reasonable view by the evidence. *Bibb Cigar &c. Co. v. McSwain,* 95 Ga. App. 659 (98 S. E. 2d 128) ; *Wallace v. State,* 77 Ga. App. 434 (48 S. E. 2d 696) ; *Sheppard v. Burns,* 40 Ga. App. 496 (150 S. E. 434). The burden is on the plaintiff in error to show a harmful error has been committed and to prepare the record in such a manner as to reveal the error committed. See *Gairdner v. Tate,* 121 Ga. 253 (48 S. E.

907); *Grier v. Brown*, 118 Ga. 670 (45 S. E. 455). In the instant case an employee sued his employer for money alleged to be due under an employment contract whereby the employee was to receive 40% of the net profits of the company. Placed in evidence were various audits, together with later revisions of the same. The basic accounting methods were disputed, as well as certain specific items concerning business expenses. Also it is disputed whether certain inventory reductions were correct or proper. The plaintiff claimed to be entitled to participate in the profits of certain sales, while the defendant claimed otherwise, on the contention that the sales were not complete at the date of the termination of the employment contract. The trial judge, sitting without the intervention of a jury, found for the plaintiff in the amount of $4,532.16.

Any one, or combination, of the above items would have affected the net profit figures of the company. Though the trial judge, sitting as a trior of fact, did not set forth a specific finding of fact as to how he reached the amount of the judgment, the evidence authorized him to find any one, or combination, of the factors listed above, as well as others not specifically mentioned, to allow the plaintiff an amount equal to or in excess of the amount so found. The record reveals that the case was first removed from a jury and referred to an auditor by the consent of the parties and later was withdrawn from the auditor and, with the consent of all parties, was heard before the trial judge without the intervention of a jury. Though the accounting was complex and difficult, under the state of this record, this court cannot say that the judgment was not supported by the evidence.

*Judgment affirmed. Townsend, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 26, 1960.

*Woodruff, Latimer & Savell, Bruce F. Woodruff, Huie, Etheridge & Harland, W. Stell Huie, Troutman, Sams, Schroder & Lockerman,* for plaintiff in error.

*Sam Phillips McKenzie,* contra.