40601. TROY v. WRIGHT BODY WORKS, INC. et al.

NICHOLS, Presiding Judge. M. W. Troy II sued Wright Body Works, Inc., and Herschell Henderson d/b/a H. Henderson Tank Works in two counts for the value of his automobile which was totally destroyed by fire while under bailment to, and in the possession of Wright Body Works Inc., for the purpose of repairs. The jury found in favor of the defendants and the trial court overruled plaintiff's amended motion for new trial. Plaintiff now assigns error on such adverse judgment and brings the case here for review. *Held:*

1. (a) Special grounds 1 through 9, numbered 4 through 12 of the amended motion for new trial are fatally defective and present no question for review in that none of these special grounds purport to set out or specify all of the evidence on the issue which is necessary to a clear understanding of the error complained of. *Burleyson v. Western &c. R. Co.,* 91 Ga. App. 745 (87 SE2d 166); *Sharpe v. Frost,* 94 Ga. App. 444 (95 SE2d 309); *Wilson v. Garrett,* 92 Ga. App. 820 (90 SE2d 74); *Roseberry v. Freeman,* 97 Ga. App. 545, 552 (103 SE2d 745).

(b) Special grounds 10, 11, 13 and 14, numbered 13, 14, 15 and 16 of the amended motion for new trial complain of ex-

cerpts from the charge, and special ground 15, numbered 17 of the amended motion for new trial complains of the failure to charge a quoted principle of law even without request. No evidence or pleadings is quoted in any ground of the amended motion for new trial nor is any evidence referred to by page number so as to complete such special grounds of the amended motion for new trial, and it must be held that each ground is incomplete and cannot be considered to determine if the charge not given was authorized and demanded, or whether the charges given were not authorized. See *Singleton v. Singleton*, 202 Ga. 269 (4) (42 SE2d 737); *Beecher v. Farley*, 104 Ga. App. 785, 788 (123 SE2d 184); *Hodges v. Gay*, 100 Ga. App. 210 (110 SE2d 570); *Fuller v. Self*, 107 Ga. App. 664, 666 (131 SE2d 241); and cases cited. However, special grounds 10, 11, 13 and 14 which also contain an assignment that the charge given was erroneous as an abstract principle of law will be considered, for as was stated in *Anderson v. Southern R. Co.*, 107 Ga. 500 (4) (33 SE 644): "A general assignment of error upon a designated portion of the judge's charge will be considered for the purpose of ascertaining whether or not the particular language thus complained of states a correct abstract principle of law. (a) If it does, then the investigation here must end; for in the absence of a specific assignment of error, this court will not inquire whether the words excepted to are or are not adjusted to the issues and facts of the case. (b) If an instruction, excepted to in general terms, be erroneous because it is not a correct or accurate statement of the law, then, as all error is presumably prejudicial, the record will be examined for the purpose of ascertaining whether or not the party complaining has really been injured by the giving of such instruction." See also *Hardwick v. Georgia Power Co.*, 100 Ga. App. 38, 45 (110 SE2d 24); *Fuller v. Self*, 107 Ga. App. 664, supra. None of the excerpts from the charge here complained of in any of the special grounds of the amended motion for new trial were incorrect or inaccurate as abstract principles of law, and therefore the assignment of error in neither of these special grounds is meritorious.

2. "'In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable

view taken of the proofs submitted to the jury. *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891); *Farlow v. Brown,* 208 Ga. 646, 648 (68 SE2d 903). See also *Bibb Cigar &c. Co. v. McSwain,* 95 Ga. App. 659, 661 (98 SE2d 128).' *Poppell v. Smutney,* 106 Ga. App. 480 (127 SE2d 335)." *Garmon v. Stern,* 107 Ga. App. 793, 794 (131 SE2d 599). The plaintiff presented evidence of his contentions and the defendants presented evidence in support of their contentions. The jury trying the case found in favor of the contentions of the defendants and it cannot be said that the trial court erred in overruling plaintiff's motion for new trial, as amended, for any of the reasons assigned.

*Judgment affirmed. Hall and Russell, JJ., concur.*

Decided March 13, 1964.

*Kent & Kearns, L. B. Kent,* for plaintiff in error.

*Kelly, Champion & Henson, John W. Denney, J. Norman Pease, Roberts & Thornton, Arthur L. Falkenstrom,* contra.