## FRANK v. McEACHIN.

A contract by a wife to sell her separate estate to her husband is void unless it is allowed by order of the superior court of the county of her domicile. The judge of the superior court of the county of the wife's domicile has no jurisdiction to grant such an order in vacation, and a contract of sale made in pursuance of such vacation order is void.

A wife may give her separate estate to her husband without an order of the superior court; but such a gift will not be presumed. To establish it the evidence must be clear, unequivocal, and free from doubt that the parties intended the transaction to be a gift.

Proof merely that an instrument purporting on its face to be a warranty deed consummating a sale, for a stated consideration, by a wife to her husband, of land constituting her separate estate, and made under a vacation order of a judge of the superior court, was without consideration, would not convert it into a "deed of gift."

In this case there was no evidence of a clear and unequivocal character showing the intention of the parties, free from doubt, that the transaction between the wife and the husband was a gift from her to him of the land in controversy.

The action being to recover land, and against a widow, the maker of an instrument as referred to above, which was the only title under which the plaintiff claimed, the judge, under the legal principles hereinbefore announced, and on the evidence submitted, properly refused, on a preliminary hearing, to grant an interlocutory injunction, and to appoint a temporary receiver.

No. 959. FEBRUARY 24, 1919.

Petition for injunction, etc. Before Judge Highsmith. Jeff Davis superior court. April 17, 1918.

*J. C. Bennett, C. H. Parker,* and *W. W. Bennett,* for plaintiff.
*C. B. Conyers* and *John Rogers Jr.,* for defendant.

FISH, C. J. This is an action brought by Edward A. Frank against Angel E. McEachin for the recovery of several parcels of land, and for an injunction and a receivership. On an interlocutory hearing the plaintiff submitted evidence in brief as follows: (1) A conveyance in the form of warranty deed dated April 25, 1905, from Mrs. Angel E. McEachin to G. W. McEachin, her husband, for an expressed consideration of a stated sum of money, the receipt of which was acknowledged in the instrument, which contained a recital that the land "is sold in pursuance of an order of court and attached hereto, and made a part of this deed, which is true." Attached to the instrument is a petition to the superior court of the domicile of Mrs. McEachin, signed by an attorney purporting to represent the petitioner, and praying for an order

allowing petitioner to sell the land described in the deed to which the petition is attached, for the consideration therein named. On April 24, 1905, "At chambers," the judge ordered that the petitioner be "allowed to sell the land described in her petition, for the consideration named, to her husband, G. W. McEachin," and that the petition and order be recorded with the deed. (2) A security deed dated January 12, 1912, from G. W. McEachin to the Union Savings Bank of Richmond county, Georgia, executed to secure a loan from the bank to the grantor, with a power of sale to the grantee if the note for the loan should not be paid. (3) A written transfer of the security deed, February 13, 1912, by the bank to George J. Babson, with all the rights of the bank under the security deed. (4) A deed dated February 5, 1918, from Babson to Frank, the plaintiff, made in accordance with a sale of the land under the power in the security deed. (5) Certain allegations made in a petition of Mrs. Angel E. McEachin against Babson et al., brought on May 1, 1915, to the effect that she was compelled and coerced by her husband to execute the deed from her to him, dated April 25, 1905, and that such deed was without any consideration of any sort paid or promised to be paid by him to her. (6) An allegation in a petition brought by Mrs. Angel E. McEachin against Wesley White et al., on September 21, 1914, as follows: "Petitioner shows that she holds said lands under the permission of her husband, G. W. McEachin, who is helpless from infirmity, and that she made the rent contract with the defendants; and that the said Whites, under the terms of said contract, are share croppers." This allegation was verified by Mrs. McEachin. (7) The testimony of Mrs. McEachin, given on the trial of an action brought by her against the Union Savings Bank et al., prior to the institution of the present suit, to the effect that she never employed the attorney who prepared and presented the petition to the judge for the sale of her land to her husband, that she was not acquainted with such attorney, and had never seen him. "I just signed it [the deed from her to her husband] for nothing, so far as receiving anything is concerned. I signed it because he told me to sign it. No other reason prompted me to sign it. I signed it because he told me to. I didn't want to sign it. . . I was unwilling to sign it, and didn't want to sign it; but he told me to sign it, and I signed it."

The defendant testified to the effect that the land was hers; that she and her husband moved upon it about 1897 or 1898; that she lived on it with her husband until his death in January, 1915; that she had remained in possession of it as her own property since his death; and that the statement made in her case against the Whites was written by her attorney, and she did not understand the effect thereof.

The plaintiff in an action for land must prove title in himself. This the plaintiff in the present case undertook to do by the evidence hereinbefore set out. As will be seen, he claimed title under the defendant, Mrs. McEachin, and sought to prove that she conveyed the land in dispute to her husband; that he conveyed to the bank by the execution of a security deed to it; that the bank transferred the security deed and all rights it had thereunder, as well as the note secured thereby, to Babson; and that Babson, in accordance with the power given in the security deed, sold the land and conveyed it to the plaintiff, Frank. The Civil Code, § 3009, provides: "No contract of sale of a wife as to her separate estate with her husband or her trustee shall be valid, unless the same is allowed by order of the superior court of the county of her domicile." This court has held that the authority to order such sale is conferred on the superior court, and not upon the judge of that court in vacation, and consequently that an order granted in vacation to the wife to sell her separate estate to her husband is void. *Roland* v. *Roland,* 131 *Ga.* 579 (4), 582 (62 S. E. 1042). It follows that the conveyance from Mrs. McEachin to her husband was void as a deed of "bargain and sale," the order allowing the wife to execute it having been granted in vacation. The plaintiff contended, that, as it appeared from the evidence that such deed was without any consideration, it was valid as "a deed of gift," and that no order of the court was necessary to authorize a wife to give her separate estate to her husband. "A wife may give property to her husband; but a gift will not be presumed. The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt." Civil Code, § 3010. Certainly there was no clear and unequivocal evidence to support the contention that the deed from Mrs. McEachin to her husband indicated that the instrument showed that she intended to give the land conveyed to him. Nor can it be successfully urged that there

was any evidence showing that to be the intention of the parties, much less that such intention was shown by the evidence to the extent of being free from doubt. The mere fact that there was no consideration for the execution of the instrument did not convert it from a deed of "bargain and sale," as it appeared on its face to be, to a "deed of gift" from the wife to the husband.

As the only title upon which the plaintiff relied originated in the deed from Mrs. McEachin to her husband, and as his title necessarily depended upon the validity of that conveyance, and it appearing from what we have said that that instrument was not valid, either as a "deed of bargain and sale" or as a "deed of gift," the plaintiff utterly failed to show title in himself to the premises in dispute.

The judgment refusing to grant a temporary injunction and to appoint a receiver indicates that his honor the trial judge entertained views similar to those we have hereinbefore expressed; and we therefore hold that he did not err in rendering such judgment.

*Judgment affirmed. All the Justices concur.*