McDOWELL, administrator, *v.* DONALSON, administrator.

ATKINSON, J. At various intervals between 1878 and 1905 a husband received assets, being the separate estate of his wife, and invested them in lands in his own name. In some instances the land was sold, and the wife joined him in the execution of the conveyance to the purchaser. In other instances the land was sold by the husband without his wife joining him in the execution of the conveyance to the purchaser. The husband received certain money, being the separate estate of his wife, which was not invested by him in his own name. The husband did not at any time render an accounting to his wife, nor was the property or an accounting therefor demanded by the wife. In 1909 the wife executed a will whereby in general terms she left all of her estate to her husband for life, with remainder to designated third persons. The wife died in 1913, leaving her husband surviving her; and the husband died in 1917. Afterwards, in 1917, the administrator with the will annexed upon the estate of the wife brought an action against the administrator of the estate of the husband, for an accounting. The petition as amended contained allegations in substance as above mentioned; and further alleged that at all times the husband was the general agent of the wife and as such received and held the separate estate as stated above, and invested and used it as above set out, and at all times until his death fully recognized and treated all of the property as the separate estate of the wife. *Held:*

1. That portion of the petition alleging that the husband at all times prior to his death recognized and treated the property received by him as the separate estate of the wife was not subject to special demurrer on the ground that it was a mere conclusion of the pleader, and did not specifically allege how and wherein he treated and recognized the property as the separate estate of his wife.

2. The petition alleged a cause of action, which was not barred by the statute of limitations. *Barber* v. *Barber,* 125 *Ga.* 226 (53 S. E. 1017); *Garner* v. *Lankford,* 147 *Ga.* 235 (93 S. E. 411). The court did not err in refusing to dismiss the action on general demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 1420. DECEMBER 11, 1919.

Equitable petition. Before Judge Worrill. Early superior court. April 9, 1919.

*L. M. Rambo* and *Pottle & Hofmayer,* for plaintiff in error.

*Erle M. Donalson* and *Glessner & Collins,* contra.