## 22158. JACKSON v. FULTON NATIONAL BANK.

STEPHENS, J. 1. Whatever may be the right of a trustee who has deposited funds belonging to a beneficiary, in a bank, to maintain suit against the bank to recover the funds, such funds are neither in law nor in equity liable to the payment of the personal debts of the trustee, and are therefore not subject to garnishment for the trustee's personal debt. 6 C. J. 206.

2. Before acceptance of a check by the drawee bank there is no privity of contract between the bank and the payee of the check, and the bank is not liable to the payee until the bank has accepted it or certified it: See *Sinclair Refining Co.* v. *Moultrie Bkg. Co.*, 45 *Ga. App.* 768 (165 S. E. 860); Neg. Inst. L. § 189. The bank, when accepting the check by payment to the holder or payee, acts as agent for the drawer of the check for the purpose of paying the money to the payee or holder, and the indebtedness of the bank is to the drawer of the check, and at no time is the bank indebted to the payee, and therefore the bank, by virtue of accepting the check and paying the money to the payee, does not become liable as garnishee to a creditor of the payee. Stone v. Dowling, 119 Mich. 476 (78 N. W. 549); 2 Paton's Digest of Legal Opinions, 2408 (a).

3. Upon the trial of a traverse to an answer of the garnishee, who had answered not indebted, where it appeared from the evidence that the garnishee, a bank, was indebted to the defendant as a trustee in bankruptcy for certain funds belonging to a bankrupt estate and held by him as trustee, the court did not err in holding that the funds were not subject to garnishment for the trustee's individual debt; and where it also

appeared from the evidence that the bank had, out of the funds ·of the bankrupt estate on deposit in the bank, paid to the person who was the trustee a check made by him as trustee and payable to himself in his individual capacity, the court did not err in holding that the fund paid to him by the bank upon the check was not a fund due him by the bank and subject to garnishment against the bank for his individual debt.

4. The court did not err in finding against the traverse to the garnishee's answer.   *Judgment affirmed.   Jenkins, P. J., and Sutton, J., concur.*

DECIDED JANUARY 11, 1933.

*Charles W. Anderson,* for plaintiff.
*Harold Hirsch, Marion Smith, A. S. Clay,* for defendant.