19382. HASTY *v.* WHATLEY, Administrator.

HAWKINS, Justice. Mrs. Janice Richardson Hasty, widow of Raymond O. Richardson, deceased, brought suit against Pat Whatley, as administrator of the estate of her deceased husband, seeking to establish an implied trust with respect to certain funds alleged to have been acquired by the deceased husband from the wife's separate property, and seeking an accounting for the same, and a judgment. The petition, as amended, alleged in paragraphs 5, 6, 7, and 8 that Raymond O. Richardson acquired certain specified funds from his wife; in one instance by a check which he drew upon her account in a named bank payable to the City Motor Company, said check being signed "Mrs. Janice S. Richardson by R. O. Richardson"; in another instance by a check payable to Cash or to Raymond O. Richardson and delivered to the husband; and in other instances by checks drawn by the wife on her account in the Bank of Terrell payable to Richardson's Cafe, the trade name under which the husband operated his restaurant in Dawson, Georgia; the dates of the various checks beginning in 1948 and ending in 1952; the amounts thereof, and the dates they were charged by the Bank of Terrell to the petitioner's account, which checks were endorsed "Richardson's Cafe by R. O. Richardson"; that these funds were not acquired by the husband pursuant to any contract between him and the petitioner "except such as will be implied by law or equity from the facts alleged in this petition"; that the same have not been returned to the petitioner or accounted for; and in paragraph 11 it is alleged that "Said deceased at all times prior to his death [in June 1955] recognized and treated said funds received by him as the separate estate of petitioner." To the petition as amended the defendant filed both general and special demurrers, all of which were sustained by the trial court, and the petition was dismissed. To this judgment the plaintiff excepts. *Held:*

1. "Whenever a husband, with or without the wife's consent, acquires from her money which is her separate property, he must be deemed to hold it in trust for her benefit, in the absence of any evidence that she intended to make a gift of it to him"; and this is true even though there was no agreement or understanding that the money would be

invested and reinvested by him for her benefit at the time the wife delivered such money to him or he acquired it from her separate estate. *Allen* v. *Allen,* 198 *Ga.* 269 (3) (31 S. E. 2d 483); *Barber* v. *Barber,* 125 *Ga.* 226 (53 S. E. 1017). See also *Sasser* v. *Sasser,* 73 *Ga.* 275; *Garner* v. *Lankford,* 147 *Ga.* 235 (1) (93 S. E. 411); *Clements* v. *Hollingsworth,* 206 *Ga.* 255, 259 (56 S. E. 2d 505); *Joseph* v. *Citizens & Southern Nat. Bank,* 210 *Ga.* 111 (1) (78 S. E. 2d 193), and cases there cited. The request that the case of *Allen* v. *Allen,* 198 *Ga.* 269 (31 S. E. 2d 483), be reviewed and overruled is denied.

2. While a wife may give her separate estate to her husband, a gift will not be presumed, and the burden is on the person claiming a gift to prove all the essential elements of a gift, and the evidence to support it must be clear and unequivocal and the intention of the parties must be free from doubt. Code § 53-506; *Brooks* v. *Fowler,* 82 *Ga.* 329 (9 S. E. 1089); *Sasser* v. *Sasser,* 73 *Ga.* 275; *Frank* v. *McEachin,* 148 *Ga.* 858 (98 S. E. 497); *Upchurch* v. *Upchurch,* 76 *Ga. App.* 215 (45 S. E. 2d 855); *Hise* v. *Morgan,* 91 *Ga. App.* 555 (7) (86 S. E. 2d 374). Thus, where, as in this case, the petition of the wife alleged that the funds from her separate estate, received by her husband, had not been returned to her or accounted for by him, it was not necessary that she anticipate and negative a defense that the transactions constituted a gift, since she was under no necessity to make allegations with respect to a matter concerning which the presumption is in her favor. *Williams* v. *Seaboard Air Line Ry. Co.,* 165 *Ga.* 655 (3) (141 S. E. 805); *Perry* v. *Bank of Ellijay,* 182 *Ga.* 768, 770 (187 S. E. 18).

3. In *McDowell* v. *Donalson,* 149 *Ga.* 600 (1) (101 S. E. 578), this court held: "That portion of the petition alleging that the husband at all times prior to his death recognized and treated the property received by him as the separate estate of the wife was not subject to special demurrer on the ground that it was a mere conclusion of the pleader, and did not specifically allege how and wherein he treated and recognized the property as the separate estate of his wife." Applying this ruling to the allegations of paragraph 11 of the petition in the instant case, that "Said deceased at all times prior to his death [in June 1955] recognized and treated said funds received by him as the separate estate of petitioner, and there was no demand during his lifetime for an accounting and settlement between the parties," this paragraph of the petition is not subject to the special demurrer upon the ground that the allegations thereof are clearly the conclusions of the pleader without any facts in said paragraph or in said petition to sustain the same. See also *Toler* v. *Goodin,* 200 *Ga.* 527 (2) (37 S. E. 2d 609).

(*a*) Under the allegations of paragraph 11 of the petition, and the decisions of this court in *Joseph* v. *Citizens &c. Nat. Bank,* 210 *Ga.* 111 (2) (78 S. E. 2d 193), *Wallace* v. *Mize,* 153 *Ga.* 374 (3) (112 S. E. 724), and *Allen* v. *Allen,* 196 *Ga.* 736 (2) (27 S. E. 2d 679), there is no merit in the grounds of demurrer that the plaintiff's cause of action is barred by the statute of limitations and by laches.

4. The special demurrers to paragraphs 5, 6, 7, and 8 of the petition attack each of these paragraphs upon the grounds that the allegations thereof are too vague and indefinite, are a conclusion and opinion of the pleader,

468

in that it is not alleged how the funds therein referred to were acquired, or what kind of funds, nor the manner of acquiring the same, nor from what source the same were acquired, nor whether the same were a gift or loan, for what purpose Raymond O. Richardson requested or solicited or was entrusted with said funds, whether for his own purposes or for the purposes of the plaintiff. These demurrers are also without merit. These paragraphs of the petition, as amended, show that the funds were acquired by checks, the dates and amounts of which are given. It is alleged who signed the checks, to whom the checks were payable, to whom they were delivered, and by whom endorsed; it is alleged that the funds belonged to the petitioner, and were in her bank account in a given bank, and that the funds were acquired from this bank account, which funds were the petitioner's separate property. As pointed out in division 2 of this opinion, there was no necessity for the plaintiff to allege that the funds were not a gift from her to her husband, and paragraph 9 of the petition alleges that none of said funds were acquired by the husband in pursuance of any valid contract between him and the petitioner, except such as will be implied by law or equity from the facts alleged in the petition, thus in effect alleging that the same were not acquired as a loan.

5. Applying the foregoing rulings to the allegations of the petition, the trial judge erred in sustaining the general and special demurrers thereto and in dismissing the same.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 12, 1956—DECIDED JULY 9, 1956.

*Farkas, Landau & Davis*, for plaintiff in error.
*Lippitt & Lippitt, Charles Burgamy*, contra.