## 26993. McCANN v. McCRAINE.

UNDERCOFLER, Justice. This case involves implied trusts. The complainant and the defendant were husband and wife from July 1968 until their divorce in April 1971. At the time of their marriage the complainant had approximately $4,600 on deposit in the bank. In March 1969 she purchased a pick-up truck for $2,250 and placed the balance of her bank account of approximately $2,350 in a savings account. Thereafter in the latter part of 1969 she changed the savings account to a joint account with the defendant. About January 1971 she transferred the title to the truck to the defendant. The complainant testifed that she changed the savings account to a joint account with the defendant upon his insistence and promise to help increase their savings but that he made only one $200 deposit to it. The complainant was separately employed and she made additional deposits in the savings account. She further testified that she placed title to the truck in the defendant's name upon his insistence that he would be "locked up" if he were "picked up" driving a vehicle not in his name since he had a criminal record and was on parole. The defendant testified that he had purchased the truck from the complainant for $2,250 and that she then transferred the title to him when he had fully paid for it; that he gave her the money to put in the joint account and all the money she had in the account was given to her by him as he gave her money weekly and she put it in the bank for him. About 3 weeks prior to their divorce, he withdrew approximately $2,800 from the savings account leaving a balance of about $250. The complainant sought to impress a trust in her favor upon the funds withdrawn from the savings account and on the pick-up truck. The jury returned a verdict in favor of the complainant for $2,602.83 and gave her title to the pick-up truck. The appeal is from the judgment entered thereon. *Held:*

1. Assigning the same trial court number as the instant

suit to a companion suit, *McCann v. McCraine,* 228 Ga. 817, shows no reversible error.

2. *Code* § 108-117 provides: "Trusts of every kind, not generally cognizable at law, are peculiarly subjects of equity jurisdiction."

*Code* § 108-104 provides: "Trusts are either express or implied. Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties."

*Code* § 108-106 provides: "Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest. 4. Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs."

*Code* § 108-107 provides: "Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, cannot enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially entitled, if such person shall not have waived his right by subsequent ratification or long acquiesence."

The court charged these sections of the Code verbatim. They are pertinent to the issues involved in this case. They define implied trusts and the appellant's complaint that the trial court's charge was error is not meritorious. It is true that some portions of the Code section relating to fraud were not applicable to the instant case, yet the jury could not have been misled by these instructions

since the only issue in the case was whether or not the defendant withdrew his or his wife's money from the savings account and whether he had paid for the pick-up truck. *Pope v. Pope,* 95 Ga. 87 (4) (22 SE 245); *Calhoun v. Babcock Bros. Lumber Co.,* 198 Ga. 74, 77 (30 SE2d 872).

3. "Whenever a husband acquires the separate property of his wife, with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him . . . If a husband receives from his wife money belonging to her, which she turns over to him, not as a loan or a gift, but to hold as trustee for her, he violates his trust when he appropriates the same to his own use; and in a suit by her to bring him to account, he will be made to account to her therefor on proof of those facts alone . . ." *Allen v. Allen,* 198 Ga. 269, 277, 287 (31 SE2d 483). In accord *Hasty v. Whatley,* 212 Ga. 466 (93 SE2d 740); *Harper v. Harper,* 199 Ga. 26 (1) (33 SE2d 154).

4. The full and final settlement offered in evidence by the defendant obviously referred to personal injury and property damages resulting from an accident involving the defendant and the complainant and her daughter and not from the claim asserted in this complaint.

5. *Code* § 53-506 provides: "A wife may give property to her husband, but a gift will not be presumed. The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt." The charge complained of stated this Code section verbatim and it is not erroneous. There is no evidence in this case indicating that the wife gave her property to her husband. The husband's sole defense to the claim was that he purchased the truck from her and that he had given her the money to put in the joint account.

6. The complainant was not required to tender to the defendant the $200 admittedly deposited by him in the joint account. The complaint and the evidence showed that she only sought the balance of the account less the

$200 he claimed. Therefore, a tender was not necessary. Compare *Pope v. Thompson,* 157 Ga. 891 (122 SE 604).

7. The issues in this case are ones of fact, namely, whether the defendant withdrew his money or his wife's money from the savings account and whether he had paid for the pick-up truck. These issues were decided contrary to the defendant's contentions by the jury. Since the jury concluded that he withdrew his wife's funds from the joint account and did not pay for the truck, they were authorized to find an implied trust in favor of the wife. *Reddick v. Reddick,* 224 Ga. 732 (164 SE2d 725).

8. The evidence was sufficient to support the verdict and the trial court did not err in denying a motion to dismiss, a motion for directed verdict and a motion for judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972—REHEARING DENIED MARCH 23, 1972.

*Wyatt & Wyatt, L. M. Wyatt,* for appellant.
*Alfred F. Zachry,* for appellee.