## 30596. CITIZENS & SOUTHERN NATIONAL BANK v. PLOTT.

GUNTER, Justice.

This case is here by our granting an application for a writ of certiorari to review the decision and judgment of the Court of Appeals in *Citizens & Southern Nat. Bank v. Plott,* 135 Ga. App. 778 ( 218 SE2d 901) (1975).

Although the Court of Appeals ruled on two issues in the case, the primary and controlling issue is the constitutionality or unconstitutionality of Georgia's statutory garnishment procedures in cases where the debtor is a judgment-debtor. The Court of Appeals held that post-judgment garnishment proceedings pursuant to Georgia's statutory scheme, under the statutes in effect prior to July 1, 1975, were not violative of procedural due process of law. It held that this court's decision in *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 233 Ga. 793 (214 SE2d 667) (1975), was applicable only to pre-judgment garnishment proceedings as distinguished from post-judgment garnishment proceedings. After the rendition of our decision, which was mandated by the

decision of the Supreme Court of the United States in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U. S. 601 (1975), the 1975 Georgia General Assembly amended Code Title 46 relating to garnishment, and the new garnishment procedures became effective July 1, 1975. Ga. L. 1975, p. 1291 et seq. However, the instant case is controlled by the statutes in effect prior to July 1, 1975.

We have today ruled that our garnishment procedure as it existed prior to July 1, 1975, was unconstitutional with respect to post-judgment garnishment cases as well as pre-judgment garnishment cases. See *Coursin v. Harper,* 236 Ga. 729.

It therefore follows that the decision of the Court of Appeals on this issue was erroneous, and having reached this conclusion on the constitutional issue, it is unnecessary to rule on the second issue decided by the Court of Appeals. The judgment must be reversed.

*Judgment reversed. All the Justices concur, except Hall, J., who dissents and Nichols, C. J., who is disqualified.*

ARGUED MARCH 9, 1976 — DECIDED APRIL 28, 1976 — REHEARING DENIED MAY 17, 1976.

*Alston, Miller & Gaines, Jack H. Senterfitt,* for appellant.
*Lipshutz, Zussman & Sikes, Winston H. Morriss, H. William Cohen,* for appellee.

HALL, Justice, dissenting.
I dissent for the reasons stated in my dissent in *Coursin v. Harper,* 236 Ga. 729.