68533. TRAVELERS INSURANCE COMPANY v. TRANS STATE, INC.
(324 SE2d 585)

CARLEY, Judge.
Appellee was named as garnishee in a proceeding instituted by

appellant after it had obtained a judgment against another corporation. Appellee answered the summons of garnishment, stating that it was not indebted to the judgment debtor. Appellant filed a traverse to appellee's answer. A hearing was held, and the trial court found that appellee was not indebted to the judgment debtor. In addition to denying the traverse, the trial court awarded attorney fees to appellee in the amount of $250. Appellant appeals.

1. At the hearing, appellant invoked the rule of sequestration. Over appellant's objection, the trial court permitted one of the witnesses to remain in the courtroom. The witness in question was the president of the judgment debtor corporation, and the trial court refused to sequester him on the ground that he was a party to the proceedings. Appellant enumerates this ruling as error.

Under Georgia law, the parties to a garnishment proceeding are the plaintiff and the garnishee. However, a judgment debtor may become a party by utilizing the procedure set forth in OCGA § 18-4-93. That procedure calls for the judgment debtor to file a traverse to the plaintiff's affidavit. In the instant case, the president of the judgment debtor did not file such a traverse, but instead his affidavit was attached to the garnishee's response to the plaintiff's traverse. Since our garnishment laws are in derogation of the common law and must accordingly be strictly construed (*Terrell v. Fuller*, 160 Ga. App. 56 (286 SE2d 50) (1981)), we find that the action of the president of the judgment debtor failed to satisfy the statutory mandate, and thus the judgment debtor did not become a party to the garnishment proceeding.

However, even though the rationale of the trial court in refusing to exclude the witness was erroneous, its ruling will be affirmed if it was correct for any reason. *Whiteside v. Douglas County Bank*, 146 Ga. App. 888, 891 (5) (247 SE2d 558) (1978). The rule of sequestration as codified in OCGA § 24-9-61 applies to "witnesses of the *other* party." (Emphasis supplied.) The witness who was not sequestered had been subpoenaed by appellant. See generally *Hall v. Hall*, 220 Ga. 677 (1) (141 SE2d 400) (1965). Moreover, when the witness was called to testify, appellant made no announcement or request that he be considered a hostile or an adverse witness. Cf. *Hirsh v. Dobb*, 224 Ga. 130 (160 SE2d 386) (1968). Since it thus appears that the witness was appellant's own, he was not subject to appellant's motion for sequestration pursuant to OCGA § 24-9-61. Therefore, the trial court did not err in permitting the witness to remain in the courtroom during the proceedings.

2. Appellant next enumerates as error the trial court's exclusion of a certified copy of the transcript of certain testimony which had been given by an agent of appellee at a previous hearing before the Public Service Commission. The excluded testimony had been given

some two months prior to the filing of the instant garnishment proceedings.

The trial court excluded the transcript on the ground that no proper foundation for its admission had been laid. Pretermitting the issue of a proper foundation, however, we find that the exclusion of the transcript was not harmful error because it was cumulative of other evidence. The transcript was offered as an admission by appellee that it was indebted to the judgment debtor. Two witnesses testified at the garnishment hearing concerning the same contractual indebtedness which was the subject of the excluded transcript, and the contract itself was introduced into evidence. Since the excluded evidence was merely cumulative, "no harmful error is shown [regardless of whether] the reasoning of the court in sustaining the objection may have been erroneous. [Cits.]" *Hale v. Parmenter Ins. Agency*, 150 Ga. App. 76, 77 (256 SE2d 623) (1979).

·3. The general grounds are also enumerated. Although conflicting evidence was presented, there was some evidence from which the trial court could find that the previous written contract between appellee and the judgment debtor had been modified or superseded by a subsequent oral agreement, and that any indebtedness of appellee to the judgment debtor had been extinguished prior to the filing of the garnishment proceeding. "On appeal of the judgment of a trial judge sitting without a jury, a judgment will not be disturbed if there is any evidence to sustain it. [Cit.]" *Dan Gurney Indus. v. Southeastern Wheels*, 168 Ga. App. 504, 506 (308 SE2d 637) (1983). See also *Wolfe v. Rhodes*, 166 Ga. App. 845 (305 SE2d 606) (1983).

4. Appellant's final enumeration of error concerns the trial court's award of attorney fees to appellee in the amount of $250.

OCGA § 18-4-97 (a) provides that a garnishee is entitled to his actual reasonable expenses, including attorney fees, incurred in making a true answer of garnishment. However, a garnishee's recovery of attorney fees or expenses is limited to $50 unless the garnishee follows the procedure specified in OCGA § 18-4-97 (b). Since appellee failed to employ that procedure in the instant case, the award of attorney fees in an amount greater than $50 was erroneous. Compare *Washington Loan &c. Co. v. First Fulton Bank & Trust*, 155 Ga. App. 141 (270 SE2d 242) (1980). Accordingly, we affirm with direction that the award of attorney fees be reduced to the sum of $50. See generally *Fisher v. Shands*, 24 Ga. App. 743 (6) (102 SE2d 190) (1920); *Worsham Bros. Co. v. FDIC*, 167 Ga. App. 163, 166 (4) (305 SE2d 816) (1983).

*Judgment affirmed with direction. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 28, 1984.

*J. Renee Kastanakis*, for appellant.
*Abraham A. Sharony, Alton T. Milam*, for appellee.