### 72885. YOUNG v. BANK OF QUITMAN.
(349 SE2d 510)

BIRDSONG, Presiding Judge.

Dismissal of Counterclaims. The appellant John R. Young was indebted to the Bank of Quitman in an amount of more than $99,000, evidenced by a note. In 1985 Young persuaded the bank to renegotiate the note from a flexible rate of interest to a flat rate and extended the note until January 1986. Young assured the bank he would receive certain money from a Florida investment and from the sale of a yacht, the proceeds of which would enable him to satisfy the indebtedness. When the indebtedness was not paid on the due date, the bank instituted suit in the Superior Court of Lowndes County seeking the principal due, plus interest. Because the bank believed that Young was trying to transfer assets so as to defeat the rights of creditors and also because the bank believed Young to be insolvent, the bank caused the superior court to issue two garnishments against business entities the bank believed held assets due Young.

Suit on the note was filed on January 5, 1986, and the two garnishments filed by the bank on January 6, 1986. Young filed a traverse as to each garnishment on January 16, 1986. He also filed a counterclaim against the bank asserting the bank had maliciously abused and used process in suing out the two garnishments. A hearing was conducted on the traverses to the garnishments on January 24, 1986. The trial court in its order following the hearing on the traverses found that the bank had satisfactorily established that Young was insolvent and that he had sought to transfer assets so as to defeat the rights of his creditors. The court also found as a matter of fact and law that the procedural provisions of OCGA § 18-4-40 et seq. providing for prejudgment garnishments had been met sufficiently.

During the hearing on the traverse, Young offered to pay the entire indebtedness including the interest. The bank accepted the tender of the check and the trial court ruled the debt having been satisfied, the prejudgment garnishments were no longer appropriate and dismissed the garnishments and denied the traverses thereto. Young sought an interlocutory appeal to the denial of the traverses which this court denied on March 7, 1986. The bank then moved the trial court to dismiss the pending counterclaims based upon the mali-

cious abuse and use of process (i.e., the garnishments). The trial court granted the motion to dismiss the counterclaims. Young now seeks this appeal urging error in the dismissal of his counterclaims and reasserting as error, the denial of his traverses. *Held*:

1. In his first enumeration of error, Young argues the trial court erred in dismissing the counterclaim on March 18, 1986. In his second enumeration, he contends the court erred in denying the traverse on January 31, 1986. The third enumeration is a consolidated enumeration that the entries of the orders of January 31 and March 18 respectively were erroneous. Inasmuch as the two orders are interrelated, we will consider the enumerations together.

It long has been the law of this state that a defendant may not lay a counterclaim for malicious use of process until such time as the main suit has been terminated in favor of the defendant. *Georgia Veneer &c. Co. v. Fla. Nat. Bank*, 198 Ga. 591 (32 SE2d 465). But see *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414). In this case, the main suit was filed by the bank on an indebtedness, including interest, of over $105,000. During the hearing on the traverses to the garnishments filed to satisfy this indebtedness, Young acknowledged the indebtedness and paid it in full. Thereafter the bank, no longer being a creditor, voluntarily dismissed its suit on the note with prejudice. There being no further indebtedness, the prejudgment garnishments likewise were dismissed by the court, although the court affirmatively found the bank had established as a matter of fact and law that the statutory predicates for issuance of garnishments had been established by the bank. Though in substance Young had received a favorable verdict on both the indebtedness and the garnishments by having each action dismissed either by the court or the plaintiff, these dismissals were the direct result of his having paid the underlying indebtedness. Thus, the dismissals of the actions were not the result of a failure by the plaintiff bank to prove its suit but were made because the plaintiff was successful in its action. In this state, a litigant is not subject to being penalized because he sought to litigate his own claim in court. *Capitol City Roofing v. Wentz*, 165 Ga. App. 699, 700 (2) (300 SE2d 322). Likewise, the trial court did not err in striking the counterclaim seeking damages for the malicious abuse of process in the filing and maintaining of the main action because there is no evidence that the bank used the garnishment process for an illegal purpose, and in fact the trial court concluded the statutory grounds for garnishment were established. Thus under the test laid down in *Yost v. Torok*, supra, there was no showing that the bank proceeded in the absence of any justiciable issue so as to warrant the filing of a counterclaim by Young.

Young also complained that the garnishments suffered from technical deficiencies that called for the grant of his traverses to the gar-

nishments. Thus he alleged the garnishments sought to reach wages due. However, it is clear from the hearing on the traverses the bank was not seeking wages but share (ownership) assets. Likewise, Young argued that the bond taken by the bank was designed to protect him from improperly filed garnishment and because no funds were "caught," the garnishments were improperly brought resulting in his embarrassment and costs of litigation. He also argued the garnishments were not properly filed in that they by-passed the clerk of court on the way to issuance by the court itself. Thus in substance, Young argued that because of technical defects in the issuance of the garnishments, the trial court should have sustained his traverses rather than dismissing the same.

For several reasons, this argument is not tenable. Affidavits filed in support of legal proceedings are amendable as provided by OCGA § 9-10-130. Assuming there were technical defects, these defects were cured at the hearing on the traverses where the orders of the trial court (although finding them technically correct) dismissed them as moot because of the satisfaction of the indebtedness. *McBride v. Sconyers*, 46 Ga. App. 235 (167 SE 309).

It is obvious from this record that the underlying debt was acknowledged and paid by Young at the traverse hearing. The contested garnishments did not "catch" any funds belonging to Young. It is hard to conceive how Young has been harmed. Indeed, the garnishees did not even have to file answers. There was no error in the denial of the traverses nor in the dismissal of the counterclaim.

2. The motion by the appellant bank for penalty based upon a frivolous appeal is denied.

*Judgments affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1986 —
REHEARING DENIED OCTOBER 8, 1986

*T. Lee Bishop, Jr.*, for appellant.
*Wade H. Coleman, Clifton G. Spencer*, for appellee.