75801. BAPTIST CONVENTION OF GEORGIA v. HENRY et al.
(370 SE2d 813)

McMURRAY, Presiding Judge.

Plaintiff Baptist Convention of the State of Georgia, d/b/a Georgia Baptist Medical Center, filed this continuing garnishment proceeding predicated upon its judgment in the Superior Court of Cherokee County against defendant Buddy Henry. The answer of garnishee Fafnier Bearing Company states that: "We do not have a Buddy Henry Employed [sic]. We do have a Louis Barry Henry . . ." Louis Barry Henry filed a traverse and counterclaim, alleging that he is not the same person as the defendant in the underlying Cherokee County judgment and that his wages were wrongfully garnished by reason of plaintiff's summons of continuing garnishment.

Plaintiff's garnishment was dismissed. All that remains pending is the counterclaim filed by Louis Barry Henry.

Plaintiff moved to strike the counterclaim filed by Louis Barry

Henry. The Superior Court of Gordon County denied plaintiff's motion to strike and we granted plaintiff's application for interlocutory review of this ruling. *Held*:

The issues presented arise from the special statutory nature of the garnishment procedure. Our garnishment statute is in derogation of the common law and, thus, must be strictly construed. *Terrell v. Fuller*, 160 Ga. App. 56, 58 (286 SE2d 50). "Under Georgia law, the parties to a garnishment proceeding are the plaintiff and garnishee. However, a judgment debtor may become a party by utilizing the procedure set forth in OCGA § 18-4-93. That procedure calls for the judgment debtor to file a traverse to the plaintiff's affidavit." *Travelers Ins. Co. v. Trans State*, 172 Ga. App. 763, 764 (1) (324 SE2d 585).

Louis Barry Henry has attempted to inject himself as a party into the case sub judice by the filing of a traverse and counterclaim. Yet, as shown by his own traverse and counterclaim, Louis Barry Henry is not the defendant in this action and under the garnishment statutes there is no provision for this individual becoming a party to this action. While the wages of Louis Barry Henry may have been withheld for a brief period so as to give Louis Barry Henry a cause of action against one or more of the parties to the garnishment proceeding, such claim may not be asserted in this particular action. Nor do we find the recent decision in *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414), to be relevant to the case sub judice since no unfounded claim, defense or other position has been asserted in court against Louis Barry Henry. Compare *Young v. Bank of Quitman*, 180 Ga. App. 491, 492 (349 SE2d 510). The superior court erred in denying plaintiff's motion to strike the counterclaim filed by Louis Barry Henry.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JUNE 15, 1988.

*Frederick J. Hanna*, for appellant.
*J. Lane Bearden*, for appellees.