A96A0027, A96A0028. WACHOVIA BANK OF GEORGIA, N.A.
v. UNISYS FINANCE CORPORATION; and vice versa.
(471 SE2d 554)

RUFFIN, Judge.

Unisys Finance Corporation ("Unisys") obtained a judgment against Hanover Credit Corporation ("Hanover"). To satisfy its judgment, Unisys filed a garnishment, naming Wachovia Bank of Georgia, N.A., ("Wachovia") as garnishee. Although Hanover maintained 17 accounts with Wachovia, Wachovia determined that 15 of the accounts were "trust accounts" and not subject to the garnishment. Accordingly, Wachovia answered the garnishment stating that money found in one of the two remaining accounts was subject to the garnishment. Unisys traversed the answer stating it was untrue. The trial court, sitting as the trier of fact, found that money in the 15 other accounts was subject to the garnishment and entered judgment in favor of Unisys. We granted Wachovia's application for discretionary review. In Case No. A96A0027, Wachovia appeals the trial court's finding that the 15 accounts were subject to garnishment. In Case No. A96A0028, Unisys asserts that the court erred by failing to award it pre-judgment interest. For reasons which follow, we affirm the trial court's judgment in both cases.

## Case No. A96A0027

In eight separate enumerations of error, Wachovia contends that the trial court erred because the accounts were fiduciary accounts containing clients' funds which were exempt from garnishment, and that its investigation of the accounts was sufficient to satisfy its burden under Georgia's garnishment laws. This latter contention is also asserted in an amicus curiae brief filed by the Georgia Bankers Association. We will address each of these contentions separately.

1. Were these trust accounts subject to garnishment?

The record shows that Hanover is a collection agency which, when the garnishment was filed, maintained 17 separate bank accounts with Wachovia. Wachovia contends that the 15 accounts at issue were maintained by Hanover for depositing money Hanover

collected for various clients. Wachovia maintains that it did not subject the accounts to the garnishment because the funds were held in trust for Hanover's clients. The trial court found that because Wachovia presented insufficient evidence that the accounts were trust accounts, the accounts were subject to the garnishment.

The issue before the trial court on Unisys' traverse of Wachovia's answer was whether Wachovia had Hanover's assets in any of its accounts. *W. T. Harvey Lumber Co. v. J. M. Wells Lumber Co.*, 104 Ga. App. 498 (3) (122 SE2d 143) (1961). "[T]he burden was on [Unisys] to sustain the traverse by a preponderance of the evidence." *Oxford v. Metter Lumber Co.*, 104 Ga. App. 758, 760 (123 SE2d 156) (1961).

In support of its contention that the accounts were Hanover's property, Unisys presented copies of several documents used by Hanover to establish the accounts. One of those documents was Hanover's "Directors' Resolution Authorizing Corporate Depository." The resolution listed the accounts and provided that Wachovia "is designated a depository for the *funds of [Hanover]*. . . ." (Emphasis supplied.) The resolution granted Hanover's executive vice president broad powers to transact business concerning the accounts, which included the ability to draw checks. The resolution requested and authorized Wachovia "to pay or transfer funds or otherwise act in accordance with [the] resolution . . . [and to] honor all checks, drafts, or other orders for the payment of money drawn in [Hanover's] name on *its account(s)*. . . ." (Emphasis supplied.) The resolution does not indicate that any of the accounts were trust accounts.

In addition to the resolution, Unisys presented evidence showing that during the time the garnishment lien was pending, Hanover drew 42 checks on the 15 accounts, naming Hanover as payee.

In opposition, Wachovia presented copies of signature cards for the accounts which contained the word "trust" in the account titles. Wachovia stipulated, however, that the account titles were selected by Hanover at Hanover's discretion. The Wachovia branch manager in charge of the Hanover accounts testified that Wachovia names "the account the way the customer asks us to . . . to accommodate them." The Wachovia manager further acknowledged that when Hanover opened the accounts, Wachovia performed "no investigation whatsoever" to determine whether they were trust accounts.

The evidence further showed that while the garnishment was pending, Unisys contacted Wachovia asserting that the 15 accounts were not trust accounts and that Hanover's own funds were in the accounts. When Wachovia contacted Hanover regarding the accounts, Hanover verbally assured Wachovia that the accounts were trust accounts. Wachovia did not perform any further investigation into the nature of the accounts, and admits that Hanover's verbal assurance and the signature card account titles were the only information

relied on in concluding that the accounts were trust accounts exempt from garnishment.

Although Wachovia argues that trust accounts are generally not subject to garnishment for the trustee's personal debts, such argument assumes the existence of a trust. See *Jackson v. Fulton Nat. Bank*, 46 Ga. App. 253 (1) (167 SE 344) (1933). "[T]he question of the establishment of a trust and the ownership of the [15] other accounts was one of fact." *Spivey v. Methodist Home &c.*, 226 Ga. 100, 102 (2) (172 SE2d 673) (1970). Thus, the issue in this case of whether money in the Wachovia accounts was Hanover's property, or held in trust by Hanover for its clients, was for the factfinder to decide. See id.; *McCann v. McCraine*, 228 Ga. 814, 817 (7) (188 SE2d 484) (1972). In this case the trial judge sat as the factfinder. " 'On appeal of the judgment of a trial judge sitting without a jury, a judgment will not be disturbed if there is any evidence to sustain it. (Cit.)' [Cits.]" *Travelers Ins. Co. v. Trans State*, 172 Ga. App. 763, 765 (3) (324 SE2d 585) (1984). As appellate judges we cannot take cases by their smooth handle. We accept cases on their facts as shown by the record as developed in the crucible of battle below. We cannot change, alter or amend facts; we can only examine them for evidentiary bases. Although conflicting evidence was presented, the corporate resolution concerning the accounts and evidence that Hanover drew checks on the accounts payable to itself were some evidence from which the trial judge could find that the account funds were Hanover's assets. Accordingly, we find no error.

2. Was Wachovia's reliance on the signature cards and Hanover's statement regarding the accounts sufficient to relieve Wachovia of liability in answering the garnishment?

OCGA § 18-4-82 prescribes the requirements for answering a garnishment. That section requires the garnishee to answer the garnishment "describing what money or other property is subject to garnishment. . . . If the garnishee shall be unable to answer as provided for in this Code section, his inability shall appear in his answer, together with all the facts plainly, fully, and distinctly set forth, so as to enable the court to give judgment thereon." This latter provision "is a statutory alternative given the garnishee who is in doubt as to liability to have the court resolve such doubt by presenting every element involved in the matter so that the court can make the determination and the garnishee avoid liability." *C & S Nat. Bank v. Avco Financial Svcs.*, 129 Ga. App. 605, 608 (4) (200 SE2d 309) (1973).

In this case, Wachovia risked the court rendering a judgment against it if its treatment of Hanover's accounts was proven erroneous. The fact that Wachovia thought that these were trust accounts because Hanover described them as such on its signature cards did "not relieve it of the responsibility to comply with the foregoing statu-

tory requirements. Banks should . . . take whatever steps are necessary to ensure that they can comply with the garnishment laws of this state. Garnishment proceedings are 'measured by the strict terms of the statute.' [Cit.]" *Mobile Paint Mfg. Co. v. Johnston*, 219 Ga. App. 299, 300 (464 SE2d 903) (1995). If Wachovia doubted who owned the account funds, it could have explained in its answer the basis for this doubt and avoided liability by presenting the matter to the court for determination. Id. at 301. Wachovia blindly relied on the word of its depositor at its own peril. See *C & S Nat. Bank*, supra at 607.

### Case No. A96A0028

In its sole enumeration of error, Unisys asserts that the trial court erred by failing to award it pre-judgment interest from the date of Wachovia's garnishment answer through the date of judgment against Wachovia. Unisys argues that because its claim under the garnishment was liquidated, it is entitled to the pre-judgment interest under OCGA § 7-4-15. We disagree.

Georgia's garnishment law provides for a judgment only in the amount claimed in the garnishment, plus costs. OCGA § 18-4-92. This section expressly provides "that the total amount of such judgment shall in no event exceed the amount claimed due by the plaintiff, together with the costs of the garnishment proceeding." Id. Because "[o]ur garnishment statute is in derogation of the common law and, thus, must be strictly construed," we conclude that the trial court did not err in denying Unisys' claim for interest in this case. *Baptist Convention of Ga. v. Henry*, 187 Ga. App. 551, 552 (370 SE2d 813) (1988).

The record shows that in addition to the amount paid into court with Wachovia's answer, the trial court awarded Unisys the balance of its claim on the garnishment, plus costs. If the trial court awarded pre-judgment interest, the judgment would have exceeded the amount claimed due in the garnishment in violation of the strict language of OCGA § 18-4-92.

*Judgment affirmed. McMurray, P. J., concurs. Johnson, J., concurs specially.*

JOHNSON, Judge, concurring specially.

The amicus curiae brief submitted by the Georgia Banking Association queries "must a bank, each time it is served with a garnishment on an account which has been denominated a trust or escrow account for a third party on the signature card . . . determine whether or not the funds are in fact held by its customer in a fiduciary capacity?" The short answer to the Georgia Banking Association's

question is no.

A bank is not required to determine, upon receipt of a garnishment, whether the funds are in fact held by its customer in a fiduciary capacity. But when a garnishment action is filed naming a bank as garnishee, and the defendant has accounts denominated as a trust or any other type of special account, the bank should avail itself of the provisions of OCGA § 18-4-82 and allow the trial court to determine which funds are subject to garnishment and thereby avoid liability such as that imposed here.

We recognize that conducting discovery to determine whether an account denominated as a trust account is in fact being used as such would create a heavy burden in economic terms to a banking institution which has been served with a garnishment action. However, as pointed out in the majority opinion, OCGA § 18-4-82 provides a simple mechanism by which a bank can protect itself from just the kind of liability imposed in this case. "If the garnishee shall be unable to answer as provided for in this Code section, his inability shall appear in his answer, together with all the facts plainly, fully, and distinctly set forth, so as to enable the court to give judgment thereon."

In its answer, Wachovia simply stated that the sum of $6,262 is subject to garnishment and gave no indication that other funds were on deposit in the name of Hanover Credit Corporation which may or may not be subject to garnishment. By doing so, it usurped the trial court's right to determine whether such funds were or were not subject to garnishment. To allow banks to simply rely on the nomenclature requested by the customer when they set up an account could make banks unwitting partners to unscrupulous customers who could open any or all of their accounts as "trust accounts," thereby defrauding their creditors.

I write separately to emphasize that nothing in the majority opinion changes in any way the general rule that trust accounts are not subject to garnishment, nor would it require the banks of Georgia to undertake the sort of burdensome investigation which the amicus brief suggests is feared by the industry. The process of determining whether the funds are subject to garnishment properly involves only the defendant/debtor, the plaintiff/creditor and the court. Had Wachovia, in its answer, informed the parties and the court that the other accounts existed and that it was not in a position to know whether the funds on deposit therein were subject to garnishment, it would have fully discharged its legal obligation without exposing itself to liability. The burden of proving who was entitled to the funds would have thereby appropriately shifted to Unisys and Hanover, leaving the trial court to decide the matter from the evidence they produced.

Decided May 21, 1996 —

Morris, Manning & Martin, Donald A. Loft, Ann R. Schildhammer, Daniel W. Sweat, Michael E. Ray, Keith W. Smith, for appellant.
J. Christopher Simpson, for appellee.